FRUGÉ, Judge.
This case and its companion case, Vernon E. Lewis v. City of Pineville et al., 161 So. 2d 286, are before us on applications for supervisory writs. Since the issues are the same in both cases, we shall discuss both in this opinion but render separate decrees.
On December 4, 1962, the City of Pine-ville, pursuant to its authority under LSA-R.S. 33 :3301 et seq., adopted an ordinance which provided for the paving of Claiborne Street. The ordinance was recorded ora December 7, 1962, and notice was published in the official journal of the city on December 20, 1962. On February 8, 1963, the governing authority of the city adopted a resolution providing for the issuance, execution, negotiation, sale and delivery of paving certificates to cover the unpaid cost of paving improvements along Claiborne Street. This resolution was published on February 21, 1963, and again on February 28, 1963. On January 9, 1963, and again on May 1, 1963, plaintiff A. K. Ammen notified the city that his property was included in the paving assessment but that it should not have been because his property did not abut Claiborne Street. On February 27, 1963, and again on May 1, 1963, plaintiff Vernon E. Lewis notified the city that his property should not have been assessed because it did not abut Claiborne Street. On June 4, 1963, plaintiffs brought suit for declaratory judgments praying that the paving assessments against their property be declared null and void and that the Clerk of Court be ordered to cancel them from the public records. The city raised a peremptory exception of prescription under LSA-R.S. 33:3319. From an overruling of this exception the defendant city prays that this Court issue supervisory writs.
LSA-R.S. 33:3319 provides as follows:
“No contest or proceeding to question, the validity or legality of any resolutions or ordinances adopted or proceedings had under the provisions of this-Sub-part shall be begun in any court by any person for any cause whatsoever, after the expiration of thirty days from the date when the resolu *285 tion, ordinance or proceeding was published, and after such time the regularity of such resolution, ordinance or proceeding shall be conclusively presumed. If the validity of any certificates issued under the provisions of this Sub-part is not raised within thirty days from the date of publication of the resolution or ordinance issuing said certificates and fixing their terms, the authority to issue said certificates, the legality thereof and of the local or special assessments necessary to pay the same shall be conclusively presumed and no court shall thereafter have authority to inquire into such matters.”
Defendant contends that LSA-R.S. 33 :- 3319 should be applied here since this suit was brought more than thirty days from the “date of publication of the resolution or ordinance issuing said certificates and fixing their terms.” But plaintiffs argue that since their property did not abut the street for which the paving assessment was due, the action of the city governing authority is absolutely null and void insofar as their property is concerned. Plaintiffs allege that under this situation the prescriptive period of LSA-R.S. 33:3319 is not applicable.
We have found no cases applying LSA-R.S. 33:3319. However, there are several statutes similar to it. See, for example, LSA-Constitution, Art. XIV, Sec. 14(n) ; LSA-R.S. 33:4260; LSA-R.S. 38:1674.10; LSA-R.S. 38:1792; LSA-R.S. 39:518. From a study of the cases interpreting these statutes and those cited by both parties in this suit, we are constrained to reverse the trial court’s overruling of the plea of prescription.
The purpose of LSA-R.S. 33:3319 and similar statutes is to provide a reasonable limitation on the time within which actions attacking special assessments for public improvements may be commenced. To meet the expenses of such improvements, certificates must be negotiated and sold. Unless there is some reasonable time limit on attacking the validity of such certificates, investors would be reluctant to purchase them. This would make it difficult for governmental authorities to procure adequate funds for projects. Hardin v. Police Jury of Vernon Parish, 155 La. 899, 99 So. 690.
In Redmon v. Sub-Sewerage District No. 1, 226 La. 245, 75 So.2d 854, the Supreme Court, in dealing with a bond issue, stated as follows: “The provisions of the Constitution which prescribe the limitation period in which a contest over a bond election may be instituted are very clear and specific and they have been applied by this Court in cases almost too numerous to mention. In many of the cases the decisions emphasize the language of the provision to the effect that after this sixty day period granted to any person in interest to attack the election, no person shall be permitted to contest it ‘for any cause •whatsoever’, that its legality ‘shall be conclusively presumed, and no court shall have authority to inquire into such matters’ One of these cases is Miller v. Town of Bernice, 186 La. 742, 173 So. 192. Surely the construction of that language of the provision would seem to extend its application beyond mere defects or minor informalities or irregularities in holding the election.” See also Carnahan v. Police Jury of Calcasieu Parish, 199 La. 262, 5 So.2d 766, and the many cases cited therein.
“The organic law is clear and specific. So is the statutory law. We must assume they mean exactly what they so forcibly declare. The period of prescription which they establish would be of little value if it were subject to qualifications and exceptions. None are provided in the law.” Miller v. Town of Bernice, 186 La. 742, 173 So. 192, 194. Although plaintiffs cite several persuasive cases from other jurisdictions, we feel that the jurisprudence of this state compels us to sustain the plea of prescription. By allowing the statutory period for contesting the assessments to-pass, plaintiffs have lost their cause of action against the city. By their own act of notifying the city that they were not liable *286 for the assessment is a clear indication that they knew, there was some dispute over whether they . were . liable for the assessment. They should have brought suit within the proper time,
For the foregoing reasons the judgment of'the district court is reversed. It is hereby ordered, adjudged and decreed that the exception of prescription filed on behalf of the defendant City of Pineville, Louisiana, be sustained and that the suit of plaintiffs Arthur K. Ammen and Mrs. Kumalee B. Ammen be dismissed. All costs are assessed to plaintiffs.
Reversed and rendered.