### ENOCH GOVE vs. THEODORE LOVERING et a.

Where a school district voted to raise "a sum of money sufficient to remove a "school house, and to purchase the land to set the school house upon," without naming any particular sum, it was held, that when the sum necessary was ascertained by removing the school house and purchasing the land, the sum thus ascertained might be legally assessed, by the selectmen, upon the inhabitants of the district.

But where a town voted to raise such sum of money, as the selectmen might think necessary for the support of the poor, with whose support and maintenance the town was by law chargeable, it was held, that no sum could be legally assessed, until the sum necessary was actually ascertained.

TRESPASS for an assault and battery, and false imprisonment, and detaining him in prison until he paid $15 95.

The defendants pleaded in bar, that at a legal meeting of the inhabitants of Kensington, on the 13th March, 1821, they were duly chosen and sworn as selectmen of that town for that year; that by virtue of a warrant from the treasurer of the state, issued in pursuance of a statute passed on the 22d December, 1820, they were required to assess upon the polls and estates of said inhabitants, the sum of $125 70;

That by virtue of a warrant from the treasurer of the county of Rockingham, dated January 10, 1821, they were required to assess, upon the polls and ratable estate of said inhabitants, the sum of $63 18, being the proportion of said town of Kensington of the sum of $4000, a tax duly ordered to be raised for the use of said county of Rockingham;

That at said meeting of said inhabitants on the 13th March, 1821, in pursuance of an article inserted in the warrant for calling the meeting, it was voted, " to raise such sum of " money as the selectmen of said Kensington might think ne- " cessary for the support of the poor, with whose support " and maintenance the said town of Kensington was by law " chargeable;"

That the defendants on the 1st April, 1821, duly assessed upon the ratable polls and estates of said inhabitants, the sum of $300 46 for the support of the poor, which sum was, in the opinion of said selectmen, necessary to be raised for that purpose;

That they also duly assessed upon the same polls and estates the said state and county taxes, and also the sum of $377 10, being the sum they were required and authorized by law to assess as a school tax;

And that they assessed also a sum equal to five *per cent.* upon all the sums assessed as aforesaid, " to answer any " abatements," that might be necessary in collecting said assessments ;

That the defendants, on 25th July, 1821, made out a list of said assessments, under their hands, and delivered the same to *Josiah Blake*, the collector of said town, with a warrant under their hands and seals, in due form of law, requiring said collector to collect the several sums assessed upon the several persons named in said list ;

That said *Enoch Gove* was an inhabitant of said Kensington, and liable to be taxed, and that the defendants assessed upon him, in said list, the following sums :

| | |
|---|---|
| State tax - - - - - - - - | $1 58 |
| County tax - - - - - - - | 84 |
| School and Poor tax - - - - | 10 53 |
| | 12 95 |
| Costs - - - - - - - - | 3 00 |
| | $15 95 |

That the plaintiff, having had due notice of said assessments, and having refused and neglected to pay, was by the said collector arrested, and detained, till he paid the sums assessed upon him, being $12 95, and costs amounting to $3.

To this plea the plaintiff demurred, and the defendants joined in demurrer.

*W. Smith,* for the plaintiff.

*Tilton,* for the defendants.

*By the court.* It is objected in this case in behalf of the plaintiff, that the tax for the support of the poor was illegal ; because the amount of the tax was not fixed by the town, but left to the discretion of the selectmen. The statute of 1819, (*cap.* 76, *sec.* 9,) enacts, " that the inhabitants of each " town, &c. at any meeting, &c. may grant and vote such " sum or sums of money, as they shall judge necessary for " the maintenance of the poor."

In the case of *Stewart vs. Peaslee*, (Rockingham, February Term, 1823,) the facts were, that a school district in a town

" voted to raise a sum of money sufficient to remove a " school house " from one place to another, and " to raise " money to purchase the land to set the school house upon ;" and an action was brought against the collector, who collected the tax. But, as the amount of the tax might be ascertained by a contract to purchase the land, and to remove the school house, the court thought the maxim, *id certum est quod certum reddi potest*, applied, and held the tax to be legal. But in that instance, nothing was left to the discretion of the selectmen. It was voted to raise a sum sufficient for particular purposes ; and what sum would be sufficient was easily ascertained.

But in the present case, it was left to the discretion of the selectmen, to raise such sum for the support of the poor, as they might think necessary ; whereas, the authority given to the town is, to raise such sum, as the inhabitants of the town shall judge necessary.

If the selectmen had actually ascertained the sum necessary by contracting for the support of all the poor, perhaps the sum thus ascertained might be legally assessed under this vote. But this does not appear by the plea in this case ; and we are of opinion, that the plea is bad.