Coös,
Feb. 1, 1949. } No. 3817.

HOLMAN J. AMEY & a. v. PITTSBURG SCHOOL DISTRICT & a.

388

*Robert W. Upton* and *Richard F. Upton* (*Mr. Richard F. Upton* orally), for the plaintiffs.

*Palmer, Dodge, Chase & Davis*, for the defendant Lyons & Shafto, Inc.

*Hinkley & Hinkley, R. Ammi Cutter* of Massachusetts and *C. Duane Aldrich* of Massachusetts (*Mr. Cutter* orally), for all the defendants.

JOHNSTON, J. Since more than a two-thirds majority of the votes cast were in favor of the article and it was declared adopted, the article was passed as stated in the warrant. 2 Words and Phrases (Perm. *ed.*) 485.

The plaintiffs allege that the vote of the district was void because it failed to fix the term of the bonds or to delegate the power to do so to the school board.

"It is a principle of general application that votes passed at town-meetings should be liberally construed. If they fall within the authorized powers of the town, ingenious distinctions . . . will not be unnecessarily resorted to, when the effect would be to defeat the apparent intention of the voters in a matter admittedly within their legislative province." *New London* v. *Davis*, 73 N. H. 72, 76. On page 77 the court expresses the thought that if an ordinance is susceptible of two constructions, that one must prevail which will pre-

serve its validity. At page 80, it said: "As the vote of the town in this case requires the consent of the court to be effective, it is improbable that the town attempted to do an act that was entirely useless." The district did not determine the maturities of the bonds but it did expressly authorize the school board to issue them. Unless the vote is construed to delegate to the board the power to exercise its discretion in fixing the time and place of payment and the rate of interest of such bonds, and of providing for the sale thereof, then the vote was of no effect and the district did a futile thing.

The passage of the vote to authorize the board to issue the bonds in a definite amount implied the delegation of all permissible authority to do whatever was reasonably necessary to effect such issue, unless a contrary intention was shown. There is even more reason for the application of this principle where, as in the present case, the necessary conduct is described in the statute to which reference is made in the vote as a guide. It is not questioned that the power to fix the maturities could be delegated under R. L., c. 72, s. 10. This is not such a case as *Gove* v. *Lovering*, 3 N. H. 292, where a town attempted to delegate to the selectmen the power to decide the amount of money needed for a certain purpose. Nor can it be denied that in the absence of action by the district such power was necessary for the issue of the bonds by the board. Moreover, there is no evidence that the district intended to exercise this power itself rather than delegate it to the board. The vote was passed at an annual meeting. Ordinarily another meeting would not be held for a year. If the district had intended that the board should not have this power, a vote could readily have been framed and passed fixing such maturities for the bonds as the district chose.

In the similar relationship of towns and selectmen, it has been held that a vote by the former for a particular act by the latter implies authority for such acts as are necessary to the performance of the expressly authorized act. In *New London* v. *Davis, supra,* the town voted to discontinue a highway upon condition that a property owner would at her expense build a highway to take its place and to instruct the selectmen to lay out the new highway. It was held that the selectmen had implied authority to apply to the Superior Court for discontinuance of the old highway. "The passage of the vote implies that all further steps were to be taken that were necessary to render the action of the town effective; and the statutes referred to furnish sufficient authority for the action of the selectmen in filing this petition." *Id.,* 80.

So it has been held that a legislative act which expressly authorized the governor and council to negotiate, adjust and settle certain accounts or claims in favor of the state by necessary implication included authority to appoint an attorney and to do whatever else was reasonably necessary for the proper and efficient execution of the power. *Opinion of the Justices*, 72 N. H. 601, 604.

While members of a school board are not agents of the school district in the ordinary meaning but are public officials, yet in so far as they derive power from the district, the general law of agency applies to the extent of the authority granted. This principle of the general law is stated in Restatement, Agency, *s*. 35 as follows: "Unless otherwise agreed, authority to conduct a transaction includes authority to do acts which are incidental to it, usually accompany it, or are reasonably necessary to accomplish it." See also, *Davison* v. *Parks*, 79 N. H. 262. The element of custom is not here involved in deciding whether the board had the power to fix the maturities of the bonds issued. But the vote of the district is vain unless it is implied that the board is delegated this power.

It is also argued that even if the school board was authorized to issue bonds, such bonds must mature over the maximum twenty-year period rather than the shorter period of ten years. If this is true, the action of the board was unauthorized and the bonds void. The law is clear that the school board may be delegated "the discretion of fixing the time and place of payment and the rate of interest of such bonds, and of providing for the sale thereof." R. L., *c.* 72, *s.* 10. It is provided in R. L., *c.* 72, *s.* 3, as amended by Laws 1947, *c.* 5, *s.* 1: "The first payment shall be made not later than two years and the last payment not later than twenty years after the date of the bonds or notes issued therefor. . . . " The time stated for each of the mentioned payments is clearly maximum. There is nothing in the vote or the record of the district meeting to indicate any intention of the district voters in favor of a maximum period of twenty years. The claim cannot rest upon the doctrine of necessary implication for the spreading of the bond maturities over twenty years is no more necessary than over a period of ten years. There are advantages of premiums paid and interest costs in using the shorter term for the life of the bonds. Since the district has imposed no limitation upon the power of the school board which is defined in the statutes and which was impliedly delegated to it by the district, the law will not curtail the discretionary exercise of this power. Some one had to fix the term of the bonds if the action of the district was to be valid. Since the

district did not, the only party remaining that could do so was the board.

The vote passed did at least impliedly delegate to the school board the power to fix the time of payment of the bonds and this power was not limited to choosing the maximum period of twenty years for the payments. Each of the first two questions of the Court is answered in the affirmative, the third in the negative and the fifth affirmatively.

*Bill dismissed.*
*Judgment for the defendants that*
*the said bonds in all respects constitute*
*valid general obligations of Pittsburg*
*School District.*

DUNCAN, J., without expressing an opinion as to the effect of R. L., c. 72, s. 21, doubted that the action of the district was sufficient to delegate to the school board authority to fix the terms of the bonds: BLANDIN, J., was absent: the others concurred.