Grafton,
No. 4250.

LEBANON & a. v. LEBANON WATER WORKS.

Argued October 7, 1953.

Decided November 3, 1953.

*Robert A. Jones* (by brief and orally), for the plaintiffs.

*Devine & Millimet* (*Mr. Maurice F. Devine* orally), for the defendant.

LAMPRON, J. The defendant's contention that it does not come within the provisions of the Municipal Budget Law is based on two general grounds. Firstly, it is an independent corporation created by a special act of the Legislature and engaged in a commercial enterprise (*Chicopee Mfg. Co.* v. *Manchester*, 97 N. H. 109, 112), consequently it is not a village precinct or district within the meaning of R. L., c. 52. Secondly, the defendant is self-sustaining, outside of raising monies for the extension of its facilities by means of bond issues, therefore it is not a spending agency within the terms of that chapter. It further contends that this question has become moot by the enactment of Laws 1953, c. 258.

In its inception (Laws 1935, c. 9) and subsequent history (R. L., c. 52, as amended) the Municipal Budget Act evidences a clear purpose to control the appropriation and expenditure of money in municipalities. "It shall be the duty of the budget committee to prepare a budget . . . for town and school expenditures . . . (s. 3). So long as the provisions of this act shall remain in force in any town the total amount appropriated at any annual town or school meeting shall not exceed by more than ten per cent the total amount

specified in the budget for town or school purposes and no appropriation shall be made for any purpose not included in said budget ... (s. 4). No board of selectmen, school board, or other spending agency shall pay or agree to pay any money or incur any liability involving the expenditure of money for any purpose for which an appropriation has not been made, or in excess of any appropriation or allotment made to it ... (s. 5).

Until the enactment of Laws 1943, c. 80, it could be argued that village districts and precincts were not subject to its provisions. However section 2 thereof, adding section 5-a to Revised Laws, chapter 52, provides that "In any town which has adopted the provisions of the municipal budget law . . . the budget committee shall prepare a budget for *any* (italics supplied) village district or precinct wholly within the boundaries of said town. The limitations upon town appropriations, provided by this chapter, shall apply to appropriations for said districts or precincts and the commissioners of any such district or precinct shall be subject to the provisions of this chapter as other spending agencies of said town."

In 1949, R. L., c. 52, s. 5, *supra,* was amended to bring within the category of spending or "expending" agencies which are limited by appropriations, "commissioners of a village district wholly within said town"; and the act was otherwise amended to require district commissioners to submit to the budget committee a statement of all expenditures made, and to provide for removal of officials, including district commissioners, who should fail to comply with the requirements of section 5. Laws 1949, c. 228, ss. 3, 4.

It is true that defendant has certain characteristics which differentiate it from some other village districts or precincts, viz; (1) it was created by special act of the Legislature and not upon the petition of ten or more legal voters under R. L., c. 70; (2) it is engaged in a commercial enterprise. *Chicopee Mfg. Co.* v. *Manchester, supra.* On the other hand it is a "village district or precinct wholly within the boundaries" of the town of Lebanon and at its annual meeting in 1953 it made various appropriations to be paid by taxes assessed by the selectmen of Lebanon.

We are of the opinion that the Municipal Budget Law was designed to establish some uniformity in the manner of appropriating and expending public money in the various municipalities of this state. Its clear purpose would be impaired, in our judgment, if it were held inapplicable to certain precincts or districts because they were created by special act or because they engage in particular

activities. *Attorney General* v. *Hunter*, 92 N. H. 206, 209; see *Colby* v. *Broderick*, 96 N. H. 316; *Wilcox* v. *Burnham*, 98 N. H. 64. The Lebanon Water Works is clearly within the literal provisions of the Municipal Budget Law, as amended.

The Municipal Finance Act (Laws 1953, c. 258) is concerned primarily with the manner in which municipalities are to borrow money. It does not render the present issue moot.

The question transferred to us, viz; "Is the defendant, Lebanon Water Works, subject to and governed by the provisions of the Municipal Budget Law (Chapter 52, Revised Laws)" is answered in the affirmative.

*Case discharged.*

All concurred.