344

Merrimack,
No. 4673.

FRANKLIN *v*. ROBERT C. HINDS & *a*.

Argued June 4, 1958.

Decided June 20, 1958.

*Donald W. Cushing*, city solicitor (by brief and orally), for the plaintiff.

*Nighswander, Lord & Bownes* and *Conrad E. Snow* (*Mr. Bownes* orally), for the defendant board of education.

KENISON, C. J. The board of education of the city of Franklin proposes to hire three teachers deemed necessary for proper instruction in its public schools. The mayor and councilmen, hereinafter referred to as the city council, have refused to appropriate the additional funds required for their employment. It is to be noted that the city council has not refused and could not refuse to appropriate the funds necessary to meet the minimum requirements established by the State Board of Education under the broad comprehensive powers conferred by RSA 186:5. *Coleman* v. *School District*, 87 N. H. 465, 470; *Conway* v. *Water Resources Board*, 89 N. H. 346, 353. It appears from the agreed statement of facts in this case that the requested teacher positions are not necessary to meet these minimum requirements.

"In any particular instance the degree of control to be exercised by either schoolboard members or municipal officers must be ascertained by reference to statutory and charter provisions. Under no circumstances, however, will municipal officers be permitted to exercise any greater degree of control over school finance than that clearly intended by the legislature." Edwards, The Courts and Public Schools (Rev. *ed.* 1955) *p.* 106. In New Hamp-

shire the extent to which school finances are subject to municipal control in each city is determined by its charter. *Toussaint* v. *Fogarty,* 80 N. H. 286; *Wilcox* v. *Burnham,* 98 N. H. 64, 65.

The Franklin charter contains the following relevant provisions:

"The administration of all the fiscal, prudential, and municipal affairs of said city, and the government thereof, shall be vested . . . in the city council." Laws 1893, *c.* 260, *s.* 3. Section 5 of of the charter provides that the city shall constitute one school district "and the administration of all fiscal, prudential, and district affairs of said district shall be vested in the city council, except such as shall hereinafter be vested in the school board." See also, section 4 of the charter and RSA 47:6. The pertinent part of section 15 of the charter as it relates to the board of education reads as follows: "General management and control of the public schools, and of the buildings and property pertaining thereto, shall be vested in a board of education consisting of three members . . . . "

The manner in which educational policy of cities shall be formulated is determined by the Legislature and not the courts. The policy recommended in Report of the [Legislative] Commission to Study the State Educational System (1946) 167, can be followed only to the extent permitted by charter requirements, as was the case of the Nashua charter, in *Wilcox* v. *Burnham,* 98 N. H. 64, as follows: "School districts that are fiscally dependent on finance committees, city councils and other agencies of the local government lose at once their major administrative responsibility. Questions of policy that vitally affect the quality and extension of educational services to the community can only be effected through financial planning. The kind of education the district wants to buy, for it comes down to just that, had better be the responsibility of their elected representatives, the school board, and the people of the district themselves."

In *Wilcox* v. *Burnham, supra,* the legislative history of amendments to the charter of the city of Nashua evidenced a purpose to give the board of education the right to hire school employees which was not limited by the general grant of power of appropriation to the board of aldermen of the city. That is not true with respect to the Franklin charter. The city council is the appropriating agency and the board of education exercises its general management and control of the public schools within the limits of the total appropriation. While the board of education may

transfer money from one item of the budget to another, it does not have authority to spend in excess of the total amount appropriated by the city council.  Edwards, The Courts and Public Schools (Rev. *ed.* 1955) *p.* 108.  See Garber, The Yearbook of School Law 1958, *p.* 83.  We find nothing in the charter of the city of Franklin which gives powers of appropriation to the board of education for any purpose.  In the absence of such a provision the city council was not required to appropriate additional funds to meet the request of the board of education.

*Remanded.*

All concurred.