Hillsborough,
No. 5195.

CARL M. HECKER

*v.*

ALLAN C. MCKERNAN *& a.*

Argued December 3, 1963.
Decided December 20, 1963.

*Carl M. Hecker*, pro se, furnished no brief.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *Booth, Wadleigh, Langdell, Starr & Peters* (*Messrs. Hedley G. Pingree* and *Richard C. Kohls* orally), for the defendants.

BLANDIN, J. The first question which confronts us is the plaintiff's claim that the failure to include the item of the proposed bond issue in the printed budget form submitted to the State Tax Commission invalidates the vote taken at the school district meeting on May 21, 1963. He insists that this is so, even though the Tax Commission was in fact properly notified of the vote.

At the outset, upon this and all other aspects of the case, we bear in mind the familiar principle that votes passed at town meetings should be liberally construed, and if they fall within the authorized power of the town, subtle distinctions will not be made to defeat the plain intent of the voters. *Amey* v. *Pittsburg School District*, 95 N. H. 386, 388. Where two constructions of a statute are permissible, the one which preserves the validity of the vote must prevail. *Id.*, 388-389.

The statutes governing this matter, so far as material, read as follows:

"PREPARATION OF BUDGET. It shall be the duty of the budget committee to prepare budgets according to forms prescribed by the tax commission for town expenditures, village expenditures, and school expenditures. . . . In the preparation of the budgets the budget committee shall consult the selectmen, school board, village district commissioners, and other officers and departments as to the cost of government, revenue anticipated, and services performed. . . . It shall also be the duty of . . . school boards . . . to prepare and submit to the budget committee of the town an itemized statement of expected receipts and expenditures for the ensuing year at such time as said budget committee shall fix." RSA 32:5 (supp).

"REPORTS. Upon completion of the budgets, as provided in . . . this chapter, the chairman of the budget committee shall forward to the state tax commission a copy of each budget as approved by the budget committee. . . . " RSA 32:7.

The decisive question here is whether it was the intent of the Legislature, in enacting RSA ch. 32, to compel the inclusion of capital appropriations to be raised by borrowing within the printed budget form prepared for the budget committee and submitted to the Tax Commission. The purpose of sections 5 (supp) and 7 taken in the context of chapter 32 (*Davis* v. *Company*, 88 N. H. 204, 207), appears to have been to provide a committee with special knowledge to oversee and analyze the expenditures of the various town departments and districts. In this manner the electorate, which would ordinarily be without the detailed knowledge necessary to vote intelligently on certain budgetary problems, might be given sufficient information to determine the annual amounts necessary to properly manage town affairs. *Lebanon* v. *Water Works*, 98 N. H. 328, 330.

This is well illustrated in the present case. According to the agreed facts, a proposed article relative to the appropriation of money for the high school was presented to the town budget committee which met on February 15, 1963, following a public hearing as required by RSA 32:5 (supp). The article, together with the budget committee's recommendation that the proposal be adopted, was printed in the 1962 town report which was distributed to every resident of the town. The Manchester Union-Leader carried at least two news items prior to the vote by the school district on the article. In the news items it stated that the budget committee had reported favorably on the plan. The school board and an associated group of interested citizens held a series of public meetings to discuss the proposed high school, at most of which it was stated that the budget committee had reported favorably on the plan. At the school district's annual meeting, a member of the budget committee informed the voters there of the committee's position. Following the meeting a certified copy of the vote was forwarded to the Tax Commission in accordance with RSA 32:7.

While RSA 32:5 (supp) is phrased in terms of expected revenues and "expenditures," the purpose of the statute indicates that appropriations from which expenditures may later be made should also be included in the budget form sent to the Tax Commission. However upon the agreed facts in this case it appears that the fundamental objective of fully informing the voters and the Tax Commission of the action to be taken and taken at the district meeting with reference to the

bond issue was substantially complied with. Our conclusion therefore is that the failure to insert the items related to the proposed bond issue in the budget form sent to the Tax Commission did not invalidate the vote taken at the district meeting on May 21, 1963. *New London* v. *Davis,* 73 N. H. 72; *Amey* v. *Pittsburg School District,* 95 N. H. 386. See also, *Leonard* v. *School District,* 98 N. H. 296; 43 Am. Jur., Public Securities and Obligations, *s.* 76, at *p.* 333.

The plaintiff's second and final objection to the issue is that "at the time of said vote an appropriation of $1,120,000 increased the net indebtedness of the school district beyond the debt limit as defined by [RSA 33:4] as amended." Actually, this section does not define net indebtedness, but merely establishes the method and basis for the necessary computations. The figures resulting from such computations are not in dispute, provided the meaning of net indebtedness be established. This term is defined in RSA 33:1 (supp) as follows: "'Net Indebtedness,' all outstanding and authorized indebtedness, heretofore or hereinafter incurred by a municipality, *exclusive* of . . . cash applicable solely to the payment of the principal of debts incurred within the debt limit." (Emphasis supplied).

This statute has never been construed here and no authority interpreting precisely similar provisions from other jurisdictions has been brought to our attention. Viewing chapter 32, entitled the "Municipal Budget Law," as a whole, we believe that the purpose was to establish a safe ceiling on indebtedness, beyond which a municipality could not go. See *Lebanon* v. *Water Works,* 98 N. H. 328, 330. Applying this principle to the agreed facts, we have here an undisputed, authorized debt limit of $1,550,228.26 as of May 21, 1963. On this date the net bonded indebtedness of the district was $433,000, if we do not subtract from this amount the $10,000 in cash which was set aside solely for payment on the principal of this outstanding debt. (This payment was in fact made June 1, 1963). As a result, if the $10,000 be not subtracted from the outstanding and authorized indebtedness, the $1,120,000, if actually borrowed on May 21, 1963, would have created a net debt of $1,563,000, which would have exceeded the $1,550,228.26 by $7,228.26.

However, under the provisions of RSA 33:1 (supp), as previously noted, net indebtedness means the outstanding and authorized indebtedness, *exclusive* of cash on hand and appli-

cable solely to the payment of the principal of debts already incurred within the debt limit. Obviously, this means that where the cash is on hand and set aside, as here, solely for the payment on the principal of bonded indebtedness, the amount of such cash is to be deducted from the net debt in determining whether the limit has been exceeded. See *Meredith* v. *State,* 94 N. H. 123, 131. Since this is so, it appears that even if we consider that upon May 21, 1963, the date the vote was passed, the $1,120,000 was "outstanding and authorized" indebtedness — a point upon which we express no opinion (see *Moores* v. *Springfield,* 144 Me. 54; 64 C. J. S., Municipal Corporations, *s.* 1911, *p.* 503; 15 McQuillin, Municipal Corporations (3d *ed.*) *s.* 41.37, *p.* 391) — there was no violation of RSA 33:4, 4a (supp), 4b (supp), as claimed by the plaintiff. It thus appears that the vote of the school district on May 21, 1963 was valid and the bonds issued in compliance thereunder will be legal obligations of the district.

The order is

> *Bill dismissed. Judgment for the defendants.*

All concurred.