Rockingham,
No. 6117.

WILLIAM E. ASHLEY

*v.*

RYE SCHOOL DISTRICT *& a.*

February 26, 1971.

*Douglas R. Gray,* by brief, for the plaintiff.

*Boynton, Waldron & Dill ( Mr. Richard E. Dill* orally ), for the defendants.

*Nighswander, Lord, Martin & KillKelley* and *Bradley F. Kidder,* by brief, for the New Hampshire School Boards Association as amicus curiae.

KENISON, C.J. Petition for a temporary and permanent injunction brought by the plaintiff, a voter and taxpayer in the town of Rye, against the defendants Rye School District and Rye School Board. The petition seeks to enjoin the defendants from expending any sum of money for the salaries of teacher aides during the 1969-70 school year. The petition for the temporary injunction was denied after hearing by the Superior

Court ( *Perkins,* J. ). Subsequently in 1970 after a hearing on the merits the Superior Court ( *King,* J. ) denied the petition for permanent injunction in a careful and detailed decree to which the plaintiff excepted, and his exceptions were reserved and transferred by the court.

The school board voted to retain and rehire the same teacher aide that it had employed the previous school year at an hourly rate involving an annual expenditure of $1100. The school board made this determination in September, 1969 when there was an unencumbered surplus in the instructional salaries account of $11,589. It is the plaintiff's contention that this action of the school board was illegal because both the Budget Committee and the school district at its annual meeting in March, 1969 had refused to approve a program of four teacher aides recommended by the school board at a cost of $10,511. It is the defendants' contention that the actions of the school board were legal and within its statutory powers and consistent with the provisions of the Municipal Budget Law ( RSA ch. 32 ), which was adopted by the town of Rye. RSA 32:1.

One of the appropriations voted by the school district meeting was "for the support of schools, for the salaries of school district officials and agents." Clearly this was a valid appropriation and the expenditure of this money by the school board for teachers and a teacher aide was "for the support of schools" as authorized by the school district meeting. When the school board paid the salary of the teacher aide from the unencumbered surplus of the instructional salaries account it expended no money not authorized by the school district vote. RSA 198:2; RSA 32:10( supp. ); Laws 1959, 78:2. The members of the district school board are officers of the school district ( RSA 197:14 ), they elect all teachers ( RSA 189:39 ), prescribe the regulations for the management, classification and discipline of the schools and have the duty to provide, at district expense, education to all pupils residing in the district. RSA 189:1-a (supp. ). The long and short of the matter is that the school board is the managing board of the school district. *Amey* v. *Pittsburg School District,* 95 N.H. 386, 64 A.2d 1 ( 1949 ).

While it is a familiar principle of school law that school boards have only such authority as is expressly or impliedly granted by statute ( Garber and Reutter, The Yearbook of School Law—1969, at 70 ), this court has always attempted to con-

strue the statutory authority in a way that effectuated the legis-
lative intent even if expressed obtusely. *Baker* v. *Hudson School
District,* 110 N.H. 389, 269 A.2d 128 (1970); *Franklin* v.
*Hinds,* 101 N.H. 344, 143 A.2d 111 (1958); *Hecker* v. *Mc-
Kernan,* 105 N.H. 195, 196 A.2d 38 (1963).

Plaintiff contends that the action of the school board violated
the Municipal Budget Law and in particular RSA 32:10(supp.);
Laws 1959, 78:2. This statute provides generally that a school
board is prohibited from paying any money or incurring any
liability for which an appropriation has not been made. Then
it contains in pertinent part the following proviso: "Provided
however that in cases arising during the year following the an-
nual meeting where changes occur which make it unnecessary to
use the amount appropriated for a specific purpose, an unex-
pended balance may be transferred by the . . . school board
. . . from one appropriation to another provided the total a-
mount expended for all purposes does not exceed the total a-
mount appropriated at the . . . school . . . district meetings for
all purposes." RSA 32:10(supp.). This proviso is an import-
ant part of the Municipal Budget Law. It clearly authorizes the
transfer "from one appropriation to another" provided total
expenditures do not exceed the total amount appropriated and
there has been some change making it unnecessary to use the
amount originally appropriated for a specific purpose. In the
present case the school board would have been authorized to
transfer an excess from another appropriation to the appropria-
tion for instructional salaries to pay for the teacher aide, as it
did in the 1968-69 school year. However, in the present case
there was, strictly speaking, no transfer of one appropriation to
another, but merely a transfer within the same appropriation
which the district voted for school purposes. This was clearly
authorized by RSA 32:10(supp.); Laws 1959, 78:2. The action
of the Budget Committee and the vote of the school district in
disapproving a program of appropriating $10,511 for four
teacher aides was not and, as the trial court stated, "can not be
interpreted as a retroactive disapproval" of the employment of
a teacher aide.

The Municipal Budget Law was intended to accomplish many
things but two of the most important were to establish some
uniformity in the manner of appropriating and expending pub-
lic moneys in the various municipalities of the State (*Lebanon* v.

*Water Works,* 98 N.H. 328, 100 A.2d 167 ( 1953 ) ) and to establish the safe ceiling on the total indebtedness beyond which a municipality could not expend money. *Hecker* v. *McKernan,* 105 N.H. 195, 196 A.2d 38 ( 1963 ).

We conclude that the action of the school board in hiring and retaining a teacher aide was within its discretionary authority and power and was not contrary to the provisions of the Municipal Budget Law.

*Plaintiff's exceptions overruled;*
*petition dismissed.*

All concurred.