Cheshire,
No. 6095.

WILLIAM T. BRIDGHAM & *a.*

*v.*

CITY OF KEENE & *a.*

March 31, 1972.

*William D. Tribble* and *Aaron A. Lipsky* (*Mr. Tribble* orally) for the plaintiffs.

*Charles H. Morang,* city attorney, by brief and orally, for the defendants.

DUNCAN, J. This bill in equity by residents and legal voters of Keene, as filed on October 29, 1969, sought to enjoin the city and its clerk from placing on the ballot to be used at the regular city election to be held on November 4, 1969, the question of whether the city charter should be amended. RSA 49-A:10. On October 30, 1969, the Superior Court (*Dunfey,* J.) denied an *ex parte* temporary injunction, without prejudice.

The question was duly submitted to the voters on November 4, 1969, and 2554 votes were cast in favor of

amending the charter and 1884 against. In January 1970, the defendants answered the bill, and moved to dismiss it for the reasons among others that the question was moot, and that no grounds for the relief sought were stated by the bill. The plaintiffs were then granted leave to amend, to seek a declaratory judgment that the vote was invalid because of failure to comply with requirements of RSA ch. 49-A. The questions of law presented by the motion to dismiss were reserved and transferred without ruling by *Morris*, J.

Since the bill as amended calls in question the legality of the charter amendments adopted on November 4, 1969, we do not consider the issue before us to be moot. *See Sugar Hill Improvement Ass'n* v. *Lisbon*, 104 N.H. 40, 42, 178 A.2d 512 (1962). Nor do we find it necessary to question the form of the proceedings by which review is sought. *Levitt* v. *Maynard*, 104 N.H. 243, 182 A.2d 897 (1962); *see Sugar Hill Improvement Ass'n* v. *Lisbon supra; Clapp* v. *Jaffrey*, 97 N.H. 456, 91 A.2d 464 (1952).

The amended bill alleges procedural failures to comply with RSA ch. 49-A: specifically a failure on the part of the charter commission to file its report in season for action at the November 4, 1969 election (RSA 49-A:10); and a failure of the defendant clerk within 30 days prior to November 4, 1969, to reproduce sufficient copies of the charter and cause their distribution to the voters as required by RSA 49-A:9. Additionally, allegations are made that the charter commission was not properly constituted, and that there was no publication of the proposed charter in any publication of general distribution in Keene.

We find no requirement in the statute that a proposed charter be published in a medium of general circulation, and no specific defect in the form or manner in which the charter commission was constituted has been alleged in the pleadings or presented in argument. The assertion in the plaintiffs' brief that the bill alleges "substantial" as well as "procedural" defects is not borne out by the record.

Section 10 of the statute requires the clerk to cause the question of adoption or rejection of the commission's recommendations to be placed on the ballot at the next election "occurring not less than sixty days following the filing of

the commission's report with the clerk". RSA 49-A:10. The bill alleges that the report and the proposed charter were filed with the clerk "on or about September 4 through September 9, 1969". Thus the filings are alleged at the worst to have taken place four days short of the period required before the election. Since the sixth and seventh of September fell on Saturday and Sunday, a filing on September 9 would have deprived the voters of only two days when they could have examined the report at the office of the clerk. In the view least favorable to the plaintiffs the filings were alleged to have been made on September 4, which was not less than sixty clear days before the day of election, in strict compliance with the statute. *See* RSA 21:35. Taking the allegations most favorable to the plaintiffs as true, there was nevertheless substantial compliance with the statute. *McKinney* v. *Riley,* 105 N.H. 249, 197 A.2d 218 (1964).

It appears not to be disputed that 900 copies of the proposed charter revisions were reproduced and made available for distribution at the office of the clerk, with public announcement of their availability. Additionally, the assertion that the proposed revisions had appeared in a local newspaper, although not in a single publication, has not been contraverted. In any event, no publication by newspaper was required.

A judgment declaring that the vote of November 4, 1969, was invalid "because of failure to comply with mandatory provisions of RSA ch. 49-A" would be unwarranted. The intent of the voters was clearly manifested and no technical error alleged by the plaintiffs could be found of sufficient moment to invalidate the voters' action. *Hecker* v. *McKernan,* 105 N.H. 195, 196 A.2d 38 (1963); *New London* v. *Davis,* 73 N.H. 72, 59 A. 369 (1904).

The motion to dismiss is granted for want of allegation of irregularities which would warrant the relief sought.

*Bill dismissed.*

All concurred.