Merrimack
No. 6725

BOARD OF SELECTMEN OF THE TOWN OF PITTSFIELD

v.

SCHOOL BOARD OF PITTSFIELD SCHOOL DISTRICT

October 31, 1973

*Frederic T. Greenhalge,* by brief and orally, for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* and *Joseph S. Ransmeier (Mr. Ransmeier* orally) for the defendant.

LAMPRON, J. Petition by the Board of Selectmen of the Town of Pittsfield for a permanent injunction to restrain the school board of the district from paying out or incurring liability on certain sums of money alleged to have been unlawfully appropriated contrary to the provisions of RSA ch. 32, the Municipal Budget Law. The legal issues raised by the pleadings were reserved and transferred to this court without

ruling by *Bois,* J., pursuant to an agreement of the parties that their allegations of fact are true for the purposes of this transfer.

The issue to be decided is whether the voters of the school district could lawfully vote at its meeting on March 14, 1973, to appropriate $16,700 to fund two items not included by the budget committee in the school budget but inserted by the school board in the warrant for the school district meeting with the notation: "Not recommended by Budget Committee." The items are the following:

"3. To see if the District will vote to provide Remedial Reading instruction as a regular part of the Pittsfield School System at the expense of the District, and raise and appropriate the sum of $9,624.00 to implement the same.

"4. To see if the District will vote to establish an additional Special Education Class and raise and appropriate the sum of $7,076.00 to implement the same."

The moderator informed the voters at the school meeting that no money could be voted under these articles because they were not recommended by the budget committee. The school board told the meeting that an increase totalling the two amounts with a specification that the money be used to implement the purposes of articles 3 and 4 could be voted under article 5 which covered general appropriations for the operation of the school district. The meeting voted "to approve the implementation of Articles 3 and 4 if and when the money is available". Thereafter the budgeted amount proposed for adoption under article 5 of the warrant was amended to include an additional $16,700 "to be used for Remedial Reading and Special Education if approved by the Tax Commission, making a total of $587,938.00." This amended motion was adopted.

After hearing the parties on an appeal to it, the tax commission ruled on May 11, 1973, "that both of these items fall within the general classification '200. Instruction' listed in the budget and that it was lawful for the District Meeting to appropriate the sums mentioned for the purposes indicated as they were within the ten percent limitation" by which the district can vote to increase the total amount specified in the budget. RSA 32:8 (Supp. 1972); *see Baker*

*v. Hudson School District,* 110 N.H. 389, 269 A.2d 128 (1970). The selectmen advised the school board that it viewed the tax commission's determination as "advisory in nature . . ." and that "it will disburse to the School District upon the basis of a total appropriation of $571,238.00" which is less the $16,700 added to that budgeted amount by an amendment at the meeting. Upon being informed that the tax commission would include the disputed amount in fixing the tax rate of the town, the selectmen instituted this proceeding to permanently restrain the school board from spending the $16,700.

This litigation is another instance of a "recurring and troublesome problem" in municipal finances. *Laconia Bd. of Educ. v. Laconia,* 111 N.H. 389, 285 A.2d 793 (1971). The school board is charged with managing the school system to the best of its ability and obtaining funds with which to carry out this mandate. The selectmen are preoccupied with the overall burden placed on the taxpayers not only by the cost of operating the schools but also by the money needed to render all the other municipal services. The Municipal Budget Law (RSA ch. 32) was designed to control the appropriation and expenditure of money in municipalities including school districts. *Lebanon v. Water Works,* 98 N.H. 328, 100 A.2d 167 (1953). The parties agree that the solution to the present controversy is to be found in its provisions.

The parties disagree, however, on the meaning and effect of its pertinent section RSA 32:8 (Supp. 1972) which reads in part as follows:

"Limitation on Appropriations. So long as the provisions of this chapter shall remain in force in any town the total amount appropriated at any annual meeting shall not exceed by more than ten percent the total amount specified in the budget for said meeting, and no appropriation shall be made for any purpose not included in said budget, provided, however, that the budget committee may also submit, without approval items which they do not wish to recommend but which they believe the voters should be allowed to consider and act upon, either favorably or unfavorably. Money may be raised and appropriated for such items, but not to an amount which would increase the total appropriations, as

recommended by the budget committee, by more than the ten percent allowed hereunder."

The selectmen agree that the amount of $16,700 for warrant items Nos. 3 and 4 added by the voters to the total appropriation recommended by the budget committee is within the statutory ten percent limitation. They take the position, however, that "Remedial Reading" instruction (item 3) and an additional "Special Education" class (item 4) are "purposes" which were rejected by the budget committee and not included in its proposed budget for the school district and could not be funded by the voters. The selectmen also argue that these items were not "purposes" submitted by the budget committee "without approval" in order to allow the voters "to consider and act upon them either favorably or unfavorably" as permitted by RSA 32:8 (Supp. 1973). They take the position that the appropriations voted at the meeting to implement the "purposes" stated in articles 3 and 4 of the warrant were therefore unlawful.

The school board contends that the statutory prohibition "no appropriation shall be made for any purpose not included in said budget" applies only to an appropriation which is for a purpose not found under the "Purpose of Appropriation" in the forms prescribed and issued by the State tax commission under the authority of RSA ch. 32. That column on these forms is divided into 18 major headings most of which are subdivided into more detailed purposes of appropriations. These forms must be used by the budget committee in preparing the school budget (RSA 32:5), by its chairman in forwarding the approved budget to the tax commission, and by the clerk of the school district meeting to notify the commission of the votes on appropriations adopted at the meeting. RSA 32:7. The school board argues that the appropriations made to implement items 3 and 4 in the warrant were for purposes included and recommended by the budget committee, that is, "Salaries" found under the general heading "Instruction" and "Employee Retirement & F.I.C.A." under the general heading "Fixed Charges" in the "Purpose of Appropriation" column on the forms provided by the tax commission for budget preparation and to record appropriations voted.

This court has recently held proper an expenditure similar to the appropriations made under warrant article 5 in the present case even though in that instance the moneys voted were to be used for instructional purposes rejected not only by the budget committee but also by the school district meeting. *Ashley v. Rye School Dist.*, 111 N.H. 54, 274 A.2d 795 (1971). This holding is in keeping with the general principle that the school board has some latitude in implementing the type of instruction to be furnished by the funds authorized to be spent for school purposes in the district. *See Baker v. Hudson School District*, 110 N.H. 389, 269 A.2d 128 (1970).

It cannot be contested that the tax commission has been chosen by the legislature to implement the operation of the Municipal Budget Law. RSA 32:5, 7. "It is a well established principle of statutory construction that a longstanding practical and plausible interpretation given a statute of doubtful meaning by those responsible for its implementation without any interference by the legislature is evidence that such a construction conforms to the legislative intent." *New Hampshire Retail Grocers v. State Tax Comm'n*, 113 N.H. 511, 309 A.2d 890 (1973). The commission's interpretation of the "purpose" for which an appropriation can be validly made is to be given great weight. *Palm Oil Recovery, Inc. v. Comptroller of Treasury*, 266 Md. 148, 291 A.2d 681 (1972); *see Wyatt v. State Board of Equalization*, 74 N.H. 552, 70 A. 387 (1908).

Articles 3 and 4 of the warrant for the meeting warned the voters that "Remedial Reading" instruction and a "Special Education" class were to be submitted to them. The appropriations attached to these items which were not recommended by the budget committee were not voted. Article 5 of the warrant also warned the voters that a vote to raise and appropriate money for the support of the schools including salaries and fixed charges was to be in order at the meeting. The appropriation recommended by the budget committee for these purposes could properly be increased within the ten percent limitation provided by RSA 32:8 (Supp. 1972) by the $16,700 voted to fund these programs. After the increased appropriation for salaries and other benefits was legally passed it was within the domain of the school board to decide that its use for remedial reading instruction and

a special reading class would be in the best interest of the school district. *Ashley v. Rye School Dist.*, 111 N.H. 54, 274 A.2d 795 (1971). There is no allegation of fraud on the part of the school board and the only irregularity advanced is that many voters chose to stay away from the meeting on the mistaken idea that appropriations for these items could not lawfully be made. Their presence at the meeting and participation in the vote on these matters was their best means of insuring against such appropriations if this was the will of the majority of the voters in the district. *Byron v. Timberlane Regional School Dist.*, 113 N.H. 449, 309 A.2d 218 (1973).

We hold that the appropriation of $16,700 voted under article 5 of the school district warrant to implement articles 3 and 4 whose purposes had previously been voted on favorably by the meeting was proper and lawful. An order should be entered denying the plaintiff's petition for a restraining order permanently enjoining the school board from spending these funds. As no useful purpose would be served by remanding the matter to the superior court for the performance of this ministerial act on its part, the order is

*Petition dismissed.*

All concurred.