LAND, J.
 

 Plaintiff’s suit to annul the special election held March 17, 1925, in Miller gravity drainage district No. 3 of Evangeline parish, and to have declared unconstitutional and void the ordinance ordering said election and providing for the issuance of the bonds to be voted at same, was dismissed in the district court on the plea of prescription of 60 days tendered by defendant under section 14 (n) of article 14 of* the Constitution of 1921.
 

 Said election and ordinance are attacked by plaintiff upon the following grounds:
 

 (1) That the ordinance calling th.e election was illegal, as it provided a form of ballot submitting two propositions, each to be voted yes or no, instead of one, as required by the provisions of Act 46, Ex. Sess. of 1921.
 

 (2) That said ballot limited the tax to “10 mills per year,” in violation of the present Constitution, which has removed former tax limitations as to the payment of the principal and interest on bonds issued by the various political subdivisions of the state.
 

 (3) That said ballot contained an impossible provision, as .it limited the total taxes to be collected to $15,000, when the sum of $32,130 is actually required to retire both the principal and the interest of the bonds to be issued.
 

 (4) That the ordinance calling the election is in contravention of section 14 (a) of article 14 of the Constitution of 1921, in that a limitation is fixed upon the rate of taxation not to exceed 10 mills annually, while said section of the Constitution provides that the governing authority of said drainage district shall impose and collect annually a tax sufficient to pay the principal and interest falling due each year. This objection is merely an elaboration of the objection urged in No. 2.
 

 1. The prqposition submitted to the qualified electors and taxpayers of said drainage district was to incur debt in the sum of $15,000, as principal, and to issue 30-year, 6 per cent., ad valorem negotiable bonds to said amount. The bond ordinance provides that “both principal and interest are to be secured by and paid by a sufficient tax, levied and collected in each year that said bonds are outstanding, in accordance with provisions of the articles of the Constitution of Louisiana bearing on the subject of drainage by gravity.”
 

 Plaintiff ha,s assailed in this case, not-only the legality of the election and the constitutionality of the bond ordinance, but prays specifically that the board of commissioners of said drainage district be decreed to be without legal authority to incur debt for and in behalf of said drainage district, or to issue any negotiable bonds for the payment of such indebtedness, and that said drainage board be prohibited from so doing. The petition of plaintiff attacking the bond issue in this case was filed more than 60 days after the promulgation of the result of the special election.
 

 In Roberts v. Evangeline Parish School Board, 155 La. 337, 99 So. 282, the court, in its analysis of section 14 (n) of article 14 of the present constitution, said:
 

 “Accordingly, the Constitution declares that when 60 days have elapsed after the promulgation of a tax election—
 

 “(1) That the legality of the election, of the authority to issue the bonds, and of the taxes necessary to pay the same shall be conclusively •presumed.
 

 “(2) That no person shall have any right of action to contest the legality of said -election, tax provision or bond authorization, for any cause whatever; and
 

 “(3) That no court shall have authority to inquire into such matters.”
 

 This court is therefore without authority to inquire into any of the alleged illegalities and nullities complained of by plaintiff in
 
 *305
 
 the present case, as prescription has run, and all such objections fall under the fcan of the limitation of 60 days prescribed by the Constitution of 1921.
 

 Judgment affirmed.
 

 O’NIELL, C. J., concurs in the result.