LAND, J.
 

 Plaintiffs are resident taxpayers and qualified electors of the city of Lafayette in this state.
 

 In the present suit plaintiffs seek to enjoin that municipality, through its board of trustees, from issuing and delivering certain bonds to the Commercial National Bank of Lafayette, the highest bidder, and to have declared’ null and void all of the proceedings had for calling and holding the special election at which these bonds were authorized, including the issuance and sale of the bonds to the bank.
 

 From a judgment rejecting their demands, plaintiffs have appealed.
 

 On November 19, 1928, the board of trustees of the city of Lafayette adopted an ordinance ordering a special election in that city on December 28, 1928, for the purpose of submitting to the property taxpayers and qualified electors the question of issuing $100,000
 
 *1084
 
 of bonds- for the purpose of readjusting, refunding, extending, and unifying certain outstanding indebtedness existing prior to May 1, 1928; the payment of the principal and interest of the refunding bonds to be secured by the pledge of 1% mills of the general ali-. mony tax of the city of Lafayette.
 

 The result of the special election was in favor of the bond issue, and was promulgated on'December 29, 1928. On March 11, 1929, the bonds were sold to the Commercial National Bank of Lafayette, but were not issued and delivered to the purchaser.
 

 The grounds of attack upon the special election, bond issue, and sale of the bond's to 'the bank are as follows:
 

 (a) That the bonds voted and sold are for the purpose of readjusting, refunding, extending, and unifying a general indebtedness of the city of Lafayette that did not exist on or prior to January 1, 1921, in contravention of article 14, § 14, subd. (g), of the Constitution of 1921, and in contravention of section 32 of Act No. 46, Extra Sess. of 1921, as amended by Act No. 218 of 1924.
 

 (b) That the election proceedings and proposed issue of bonds are further in contravention of subdivision (d) of Act No. 218 of 1924, amending and re-enacting section 32 of Act No. 46, Extra Sess. of 1921, in that the city of Lafayette proposes to issue and deliver to the purchaser bonds of one series of the denomination of $1,000 each, to run for a period of 15 years from their date, instead of providing as many series as there are outstanding indebtednesses-, as required by subdivision (d) of Act No. 218 of 1924 as amended and reenacted.
 

 (c) That the dedication of the avails' of the city alimony tax to the payment of said bonds, and the sale of same to secure funds for the payment of the outstanding indebtedness of the city are further null and void, because in contravention of subdivision (f) of Act No. 218 of 1924, which requires such indebtedness to be liquidated by the issuance of bonds secured by a special tax.
 

 The present suit was not instituted until May 33, 1929, or more than 60 days after the promulgation of the result of the election on December 29, 1928.
 

 The defendant, the city of Lafayette, has pleaded the prescription of 60 days under subdivision (n) of section 14 of article 14 of the Constitution of 1921, which provides that: “For a period of sixty (60) days from the date of promulgation of the result of
 
 any election held under the provisions of this section,
 
 any person in interest shall have the right to contest
 
 the legality
 
 of such election, the bond issue provided for, or the tax authorized, for any cause; after which time no one shall have any cause or right of action to contest the regularity, formality, or legality of said election, tax provision, or bond authorization,
 
 for any cause whatsoever.
 
 If
 
 the validity
 
 of any election, special tax or bond issue authorized or provided for,
 
 held under the provisions of this section,
 
 is not raised within the sixty (60) days herein prescribed,
 
 the authority
 
 to issue the bonds, the legality thereof and of the taxes necessary to pay the same shall be
 
 conclusively presumed, and no court shall have authority to inquire into such matters.
 
 The provisions of this section shall not apply to the City of New Orleans.”
 

 Plaintiffs attack the election proceedings ' and proposed bond issue in this case as illegal and unconstitutional.
 

 In the face of a plea of prescription of 60 days, if maintainable, this court is without authority to inquire into the legality or constitutionality of the special election held, or of the bond issue provided for, or of the tax authorized, as expressly decided in the leading case of Roberts v. Evangeline Parish
 
 *1086
 
 School Board, 155 La. 331, 99 So. 280. This decision has been approved in Hardin v. Police Jury of Vernon Parish, 155 La. 899, 99 So. 690, and in Fontenot v. Miller Gravity Drainage District, 159 La. 302, 105 So. 351, and must now be considered as settling the law on the subject.
 

 The ordinance of the city of Lafayette, attacked in this case, purports on its face to have called the special election under the provisions of section 14 of article 14 of the Constitution of 1921, and of Act No. 46 of the Extra Session of 1921, as amended.
 

 Plaintiffs should have acted within 60 days after the promulgation of the result of the election, since they were fully advised as to the provisions under which it was ordered. The plea of prescription was properly maintained in the lower court.
 

 Judgment affirmed.
 

 O’NIELL, C. J., dissents.