31 So.2d 169

SANSING v. RAPIDES PARISH SCHOOL BOARD.

No. 38591.

May 26, 1947.

LeDoux R. Provosty, of Alexandria, for plaintiff-appellant.

Ben F. Thompson, Dist. Atty., and Walter M. Hunter, Ass't. Dist. Atty., both of Alexandria, for defendant-appellee.

PONDER, Justice.

P. W. Sansing, a resident and property tax payer in Forest Hill School District

No. 16 of Rapides Parish, brought suit against the Rapides Parish School Board seeking a temporary injunction to restrain the School Board from issuing and delivering to the Guaranty Bank & Trust Company of Alexandria, or any other person or persons, any of the $45,000.00 of bonds issued in the school district. The defendant interposed exceptions of no cause and no right of action, and a plea of prescription. The lower court sustained the exceptions and the plea of prescription, and the plaintiff's suit was dismissed. The plaintiff has appealed.

School District No. 16 was created by the School Board on the 30th day of March, 1928. The ordinance creating the school district defined its boundaries. On April 4, 1946, the School Board adopted an ordinance ordering a special election to be held in the school district for the purpose of submitting to the qualified electors a proposition to incur debt and issue bonds in the sum of $45,000.00, payable over a period of nine years, with interest not to exceed six per cent. per annum, payable semiannually. The proceeds of the bond issue were to be used for the purpose of erecting additional classrooms, equipping them, and making repairs and improvements to the school plant. On the same date the School Board adopted an ordinance recreating the school district, with the intention to decrease the area of the district. The plaintiff alleges that in recreating and defining the limits of the school

district the School Board erroneously described the area included therein and that under the new description the district is not susceptible of identification.

Subsequent to April 4, 1946, all of the necessary proceedings were had and an election was held in the new district. There were 59 ballots cast for the proposition, and none against it. The returns were duly canvassed and promulgated on May 15, 1946. When the bonds were submitted on bid, the bid of the Guaranty Bank & Trust Company of Alexandria, being the lowest of the five bids submitted, was accepted on August 14, 1946. A resolution of the Board prescribed the form and fixed the maturity of the bonds, and provided for levying a tax for the payment of principal and interest. The present suit was filed April 29, 1947.

The plaintiff contends that no school district was created as contemplated by law, and if such district was created, no election was held within the district, and for these reasons all proceedings subsequent to the ordinance of April 4, 1946, are based on an illegal premise and therefore are null and void.

Under the provisions of Article 14, Sec. 14(n) of the Constitution of 1921, the validity of the election cannot now be attacked because it was not raised within the sixty-day period prescribed therein. Under this article of the Constitution, the validity of any election, special tax or bond issue

held under its provisions must be raised within sixty days from the date of the promulgation of the election results, and the courts are prohibited from inquiring into such matters after the expiration of this sixty-day period. A similar provision is contained in Sec. 43 of Act No. 46 of 1921, Ex.Sess. See, also, the following cases: Roberts v. Evangeline Parish School Board, 155 La. 331, 99 So. 280; Hardin v. Police Jury of Vernon Parish, 155 La. 899, 99 So. 690; Brock v. Police Jury of St. Landry Parish, 159 La. 66, 105 So. 227; Fontenot v. Miller Gravity Drainage District No. 3, 159 La. 302, 105 So. 351; Chiara v. Lafourche-Terrebonne Drainage District, 159 La. 422, 105 So. 418.

For the reasons assigned, the judgment of the lower court is affirmed at appellant's cost.