McCALEB, Justice.
 

 At a special election held in Springhill School District No. 8 on February 11, 1947 pursuant to a call of Webster Parish School Board, the qualified taxpaying electors of the District approved a proposal for the issuance of fifteen year bonds amounting to $268,000, for the purpose of purchasing sites and erecting, furnishing and equipping the buildings of the School District. The School Board met on the following day and proceeded to promulgate the election returns, passed an ordinance providing for the issuance and sale of the bonds authorized thereunder and levied a special tax on the property within the limits of the School District to pay the principal and interest of the bonds as they matured. All of these proceedings were published in the Minden Herald newspaper, the official journal of Webster Parish School Board, on February 21, 1947.
 

 Claiming that the special election ' was illegal for the reason that notice thereof was not given in a newspaper published within the confines of Springhill School District No. 8 as provided by-Section 5 of Act No. 46 of the Extra Session of 1921, plaintiff filed the instant suit on April 25, 1947 to have the election and all proceedings had in connection therewith declared a nullity.
 

 The Webster Parish School Board interposed, among other defenses, exceptions of no right or cause of action and prescription. These exceptions were maintained
 
 *72
 
 by the District Judge and the suit dismissed. Plaintiff has appealed.
 

 The plea of prescription, which is founded on the provisions of Section 14 (n) of Article XIV of the Constitution and Section 43 of Act No. 46 of the Extra Session of 1921, was properly sustained as plaintiff’s suit was filed more than 60 days from the date of promulgation of the result of the election. The substance of the above-cited constitutional and statutory provisions is that suits contesting an election of this sort must be brought within 60 days from the date of promulgation of the result; otherwise the validity of the election, the authority to issue the bonds and the legality of all other proceedings incidental thereto shall be conclusively presumed and “no court shall have authority to inquire into such matters”.
 

 It would be inutile to cite the long list of cases upholding similar pleas of prescription. Suffice it to direct attention to our recent opinions in Gough v. La Salle Parish School Board, 210 La. 554, 27 So. 2d 330 and Sansing v. Rapides Parish School Board, 211 La. 936, 31 So.2d 169, wherein reference is made to a host of prior adjudications.
 

 The judgment is affirmed.