56 So.2d 555

SHADOW v. RAPIDES PARISH
SCHOOL BOARD.
No. 40591.

Dec. 10, 1951.

Rehearing Denied Jan. 14, 1952.

Provosty, Sadler & Scott, Alexandria, for plaintiff-appellant.

Ben F. Thompson, Jr., Alexandria, for defendant-appellee.

FOURNET, Chief Justice.

The plaintiff, Perry A. Shadow, Jr., a citizen and taxpayer of Rapides Parish, Louisiana, alleging that the Rapides Parish School Board, pursuant to authority grant--

ed it by law, created Alexandria School District No. 1 and Moreland-Welchton School District No. 59 in that parish (the plaintiff residing and owning property in the latter district), and subsequently consolidated these into Alexandria Consolidated School District No. 1; that on November 29, 1949, prior to the consolidation of the districts, a bond issue in amount of $1,800,000 was duly voted by the majority in number and amount of the qualified property taxpayers of the first-named district, of which issue $1,300,000 were sold, said bonds being dated April 15, 1950, payable in 20 years from date thereof; that subsequently the School Board called an election for May 1, 1951, and submitted to the qualified property taxpayers of the two districts propositions (1) to ratify and confirm the action of the School Board in consolidating the districts in accordance with LSA–R.S. 17:1375, and (2) that the newly created district (Alexandria Consolidated School District No. 1) should assume the outstanding bonded indebtedness of the two districts in accordance with LSA–R.S. 17:1378, both of which propositions were approved and the results promulgated; and alleging further that on October 3, 1951 (after consolidation) the School Board adopted a resolution authorizing the sale of the remaining $500,000 of the originally authorized issue of $1,800,-000, to mature beginning one year from December 15, 1951, and annually thereafter for a period of 20 years—instituted this suit on October 20, 1951, to enjoin the sale of the bonds, set for November 7, 1951.

The defendant interposed exceptions of no cause and no right of action and urged the prescription and peremption of sixty days as provided in Art. 14, Sec. 14(n) of the Constitution of 1921, and LSA–R.S. 39:518, in that the suit was brought more than 60 days after the promulgation of the results of the election at which the bond issue was authorized by the voters of the first-named district (Nov. 30, 1949), and more than 60 days after the promulgation of the result of the election at which the consolidation of the districts was ratified by the voters of both districts and the indebtedness of both assumed by the consolidated district (May 2, 1951); and reserving all rights under these exceptions, answered, denying the merits of the plaintiff's contentions.

The rulings on the exceptions and pleas were deferred until after hearing on the merits, whereupon judgment was rendered in favor of the defendant School Board maintaining the pleas of 60 days' peremption and prescription and dismissing plaintiff's suit, and the plaintiff has appealed.

Article 14, Section 14 of the Constitution of Louisiana, in dealing with the power of municipal corporations and subdivisions of the State to incur debt and issue bonds, and with the subject of elections held for the purpose of authorizing such action, declares, Section 14(n) in plain terms that after the lapse of sixty days

from the promulgation of the results no one shall have the right to question the legality of the election; that the bonds and special tax authorized therein shall be conclusively held to be valid and the authority to issue the bonds shall be conclusively presumed; and that no court shall have authority to inquire into such matters.

The appellant, without attempting to indicate wherein this suit is not precluded by the above provisions, or, in fact, making any mention thereof in his brief (the case was submitted), contends that the creation of the consolidated school district, the proposal to sell and issue $500,000 of bonds, and to assess, levy and collect on all the property in the consolidated district a tax for the payment thereof is illegal, null and void, for the following reasons:

(1) At the time of the authorization for the issuance of $1,800,000 of bonds (November 29, 1949) by the first-named school district, it was contemplated that all the bonds would be sold simultaneously as one series, to mature within a period of 20 years from April 15, 1950; and that to issue the remainder at this time would cause the bonds to mature over a period of more than 20 years, which was not authorized;

(2) That the proposition submitted to the voters for consolidation of the districts is illegal because it did not state the amount of the indebtedness of each, and whereas the first school district (Alexandria School District No. 1) was indebted for many bond issues, the second school district (Moreland-Welchton School District No. 59) was free from debt, so that the consolidated district could assume no debt from the latter;

(3) That the results of the election to consolidate the two districts were not promulgated separately, but in one instrument;

(4) That the indebtedness of $500,000, if these bonds are sold, cannot be classified as a part of the "outstanding bonded indebtedness" assumed by the consolidated district since the bonds had not been issued at the time of the election approving consolidation, nor can they be classified as a debt of the new consolidated district since they are to be issued in the name of the old district (Alexandria School District No. 1);

(5) That the bonds have been advertised as being secured by taxes assessed against all property in the consolidated district, so that if it be determined that the issuance at this time is permissible, the statutes under which the defendant School Board created the consolidated district and under which the consolidated district assumed the indebtedness of the two school districts, LSA–R.S. 17:1374, 1375 and 1378, are unconstitutional in that they authorize the taking of property without due process of law in violation of the State and Federal Constitutions.

The proposal submitted to the voters of the first-named school district for

their adoption or rejection of the bond issue reads, in pertinent ·part, as follows: "Shall Alexandria School District No. 1, Rapides Parish, Louisiana, incur debt and issue bonds in the amount of One Million Eight Hundred Thousand and No/100 ($1,800,000.00) Dollars, to run for a period of twenty (20) years from date thereof, with interest not to exceed * * *." A study and analysis of the proposal in its entirety fails to disclose any language from which the conclusion might be drawn that it was intended to restrict the sale of the bonds to one issue only; moreover, we think the bonds were intended to be sold in conformity with the law on the subject, and particularly Article 14, Section 14($l$) of the Constitution, which clearly sanctions the sale of bonds previously authorized but not sold. Such sales are generally permissible within certain bounds—providing the improvement contemplated is to be a continuous undertaking within a reasonable time, or that the purposes for which the bonds were voted continue to be necessary, or that conditions have not so changed that it would be inequitable to allow the bonds to be issued. See State ex rel. School District of Kansas City v. Thompson, 327 Mo. 144, 36 S.W.2d 109; State v. Special Tax School Dist. No. 14 of Dade County, 119 Fla. 352, 161 So. 410; Hager v. Board of Education, 254 Ky. 791, 72 S.W.2d 475, 135 A.L.R. 770; Covington v. McInnis, 144 S.C. 391, 142 S.E. 650; 43 Am.Juris. 362, Sec. 113; 43 Am.Juris. 357,

Sec. 106. Even specific provisions as to maturity have been held in effect to be directory and not mandatory: Rock Creek Tp. v. Strong, 96 U.S. 271, 24 L.Ed. 815, 119 A.L.R. 193; Dows v. Town of Elmwood, C. C., 34 F. 114, writ of error dismissed, 136 U.S. 651, 10 S.Ct. 1074, 34 L. Ed. 555, 119 A.L.R. 194; and Amey v. Pittsburg School District, 95 N.H. 386, 64 A.2d 1.

■ The plaintiff's second and third contentions are attacks on the validity of the election whereby the proposal for consolidating the school districts was approved, to which the sixty-day limitation of Article 14, Section 14(n) of the Constitution is applicable—even if the objections were meritorious, which we do not find to be true. The cases in which this Court has maintained the prescription provided in the above article of the Constitution are too numerous to mention; it suffices to cite a few which are particularly pertinent: Roberts v. Evangeline Parish School Board, 155 La. 331, 99 So. 280; Hardin v. Police Jury of Vernon Parish, 155 La. 899, 99 So. 690; Brock v. Police Jury, Parish of St. Landry, 159 La. 66, 105 So. 227; Fontenot v. Miller Gravity Drainage Dist. No. 3 of Evangeline Parish, 159 La. 302, 105 So. 351; McGuffie v. Police Jury of Catahoula Parish, 183 La. 391, 163 So. 841; Houssiere v. City of Jennings, 195 La. 1042, 197 So. 750; Pugh v. Police Jury of Livingston Parish, 196 La. 1025, 200 So. 450.

It is apt to observe here, however, that the institution of this suit was timely with respect to the attack on the resolution of the School Board authorizing the sale of the bonds here under consideration, having been filed within thirty days of its adoption; hence, if the plaintiff's contention is correct that the sale of these bonds under the facts of this case is unauthorized, the limitation of sixty days for contesting the legality of the bonds is inapplicable.

It is elementary that the authorization of a bond issue does not create an obligation until the bonds are issued and outstanding. 15 McQuillin, Munic. Corps. (3d Ed., 1950), Sec. 43.48, p. 564; Town of Concord v. Portsmouth Savings Bank, 92 U.S. 625, 23 L.Ed. 628; Thompson Houston Electric Co. v. City of Newton, C. C., 42 F. 723; Corning v. Meade County, 10 Cir., 102 F. 57, writ of certiorari denied, 180 U.S. 638, 21 S.Ct. 921, 45 L.Ed. 710; Frost v. Central City, 134 Ky. 434, 120 S. W. 367; Young v. Fiscal Ct., 190 Ky. 604, 227 S.W. 1009; Smith v. Livingston County, 195 Ky. 382, 242 S.W. 612; Fleming-Stitzer Road Bldg. Co. v. Chastain, Tex.Civ.App., 241 S.W. 619; Zimmerman v. New Martinsville 117 W.Va. 752, 188 S.E. 124, 109 A.L.R. 958; Clark v. Los Angeles, 160 Cal. 30, 116 P. 722; Crayton v. City of Charlotte, 175 N.C. 17, 94 S.E. 689; Rohde v. City of Newport, 246 Ky. 476, 55 S.W.2d 368, 87 A.L.R. 701; State ex rel. Bellingham School Dist. v. Clausen,

109 Wash. 37, 186 P. 319; Seymour v. City of Tacoma, 6 Wash. 427, 33 P. 1059; State ex rel. Woman's Catholic Order, etc., v. Fort Myers, 143 Fla. 304, 196 So. 705; Black v. Fishburne, 84 S.C. 451, 66 S.E. 681; Love v. Yazoo City, 166 Miss. 322, 148 So. 382.

the election held on May 1, 1951, the citizens and taxpayers of the two districts voted (1) to ratify and confirm the action of the Rapides Parish School Board consolidating the two districts into the consolidated school district, and (2) the new district to assume *"all the outstanding bonded indebtedness"* of the two districts. Clearly, therefore, the $500,000 of bonds authorized on November 29, 1949, by Alexandria School District No. 1, but not issued, are not an outstanding bonded indebtedness assumed and are not an obligation of the new district. It follows that the residents and property owners of the portion of the new district composed of the former Moreland-Welchton School District No. 59 are well within their rights in opposing the sale of the bonds and the subjecting of their property to taxation toward the payment of the same.

For the reasons assigned, the judgment of the lower court is annulled and set aside; and it is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff enjoining and prohibiting the defendant, Rapides Parish School Board, from selling, issuing or delivering any part of the bonds in amount of $500,000, pur-

suant to its advertisement of October 15, 1951, said bonds having been authorized by Alexandria School District No. 1 in a special election held in that district on November 29, 1949, in conformity with an Ordinance of the Rapides Parish School Board of October 5, 1949.