227 So.2d 370

**J. L. ANDRIEUX**

v.

**EAST BATON ROUGE PARISH SCHOOL BOARD et al.**

**No. 50160.**

Oct. 23, 1969.

Tom F. Phillips, Baton Rouge, for plaintiff-appellant.

John F. Ward, Jr., Burton, Roberts & Ward, Mudge, Rose, Guthrie & Alexander, New York City, Benton & Moseley, Baton Rouge, for defendants-appellees.

BARHAM, Justice.

This is an appeal under Article 7, Section 10(1), of the Louisiana Constitution from the district court's judgment sustaining an exception to plaintiff's attack upon the constitutionality or legality of a bond and tax election.

On January 9, 1969, the East Baton Rouge Parish School Board by resolution called a special bond and tax election as authorized by Article 14, Section 14, of the Constitution and R.S. 39:501 et seq., directing that all qualified electors who were property owners of the district be permitted to vote in the election on February 25, 1969. A promulgation of results showed that the voters authorized the school board to issue and sell $49,000,000.00 worth of property bonds and to levy ad

valorem taxes within the district for the retirement of the bonds.

Plaintiff as a member of a class of electors, those residing in the district but owning no property there, filed this suit challenging the constitutionality of the restriction of the franchise to the resident property taxpayers in the bond and tax election. Section 14(n) of Article 14 of the Constitution and R.S. 39:518 authorize suits to contest the legality of bond and tax elections or the bonds issued or the tax provided by the elections, but also establish a peremptive period of 60 days from promulgation of the results of such an election, after which no such suit may be instituted.

▌ It is stipulated that the results of the election were promulgated on February 27, 1969, and we note that this suit was not filed until September 26, 1969, long after the 60-day period had expired. We have strictly adhered to the view that the constitutional and statutory peremptive period operates as a complete extinguishment of the right to attack bond and tax elections. Roberts v. Evangeline Parish School Board, 155 La. 331, 99 So. 280 (1923); Roy v. City of Lafayette, 168 La. 1081, 123 So. 720 (1929); Miller v. Town of Bernice, 186 La. 742, 173 So. 192 (1937); Carnahan v. Police Jury of Calcasieu Parish, 199 La. 262, 5 So.2d 766 (1942); Gough v. LaSalle Parish School

Board, 210 La. 554, 27 So.2d 330 (1946); Sansing v. Rapides Parish School Board, 211 La. 936, 31 So.2d 169 (1947); Browning v. Webster Parish School Board, 212 La. 139, 31 So.2d 621 (1947); Woulfe v. Morrison, 212 La. 1032, 34 So.2d 251 (1948); Dresser v. Recreation and Park Comm. of Parish of East Baton Rouge, 213 La. 85, 34 So.2d 384 (1948); Harrel Rapides Parish School Board, 220 La. 1095, 39 So.2d 743 (1949); Shadow v. Rapides Parish School Baord, 220 La. 302, 56 So.2d 555 (1952); Redmon v. Sub-Sewerage District No. 1 of Sewerage District No. 1, Parish of Jefferson, 226 La. 245, 75 So.2d 854 (1954); McLavy v. American Legion Housing Corporation, 227 La. 300, 79 So.2d 316 (1955).

▌ It is the plaintiff's position that peremption should have no application in this suit where relief is sought for alleged deprivation of constitutional rights. This contention, however, is without merit. We said in Redmon v. Sub-Sewerage District No. 1, etc., supra, " * * * that it [Article 14, Section 14(n)] is meant to apply to *all* cases including those in which the election is attacked on the basis of the illegality or constitutionality [unconstitutionality] of the statutes or ordinances under which it had been called and held".

In support of his plea of unconstitutionality of the limited franchise the plaintiff relies on two recent United States Supreme

Court cases, Kramer v. Union Free School District, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (June 16, 1969), and Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (June 16, 1969). In these decisions, which were given only *prospective* effect and were decided after the lapse of the peremptive period for challenging this election, the court recognized that state prescriptive or peremptive provisions were valid as a bar to such attacks, for it said in Cipriano v. City of Houma, 395 U.S. at p. 706, 89 S.Ct. at p. 1901: "That is, we will apply it [the decision] only where, under state law, *the time for challenging the election result has not expired * * *.*" (Emphasis supplied.)

The trial court correctly sustained the exception, and its judgment is affirmed with all costs taxed against the plaintiff-appellant.