PER CURIAM.
Doris G. Rankin instituted suit against the East Baton Rouge Parish School Board and each individual member and its Superintendent, attacking the validity of the action of the School Board in calling a special bond and tax election as authorized by Article 14, Section 14, of the Louisiana Constitution, and LSA-R.S. 39:501 et seq., in which election only “resident property taxpayers” of the Parish of East Baton Rouge were permitted to vote, and seeking to have the said election declared null and void on the grounds that it deprived plaintiff and other non-property-owner voters of their rights under the equal protection and due process clauses of the 14th Amendment to the United States Constitution.
The East Baton Rouge Parish School Board filed a peremptory exception of prescription on the grounds that the election in question was held on February 27, 1969, final notice of the same being published on March 3, 1969, plaintiff’s petition was not filed until September 9, 1969, and, therefore, the 60-day prescriptive period provided for by Subsection (n) of Section 14 of Article 14 of the Louisiana Constitution and Section 518 of Title 39 of the Louisiana Revised Statutes, had expired.
The exception was heard on September 15, 1969, and for oral reasons assigned, the Court rendered judgment maintaining the exception of prescription and dismissing plaintiff’s suit at her cost. Judgment was signed September 17, 1969. It is from that judgment that plaintiff has brought this appeal.
The defendants filed an answer to plaintiff’s appeal in which it was alleged that the present action is one of four suits filed against the East Baton Rouge Parish School Board involving the same subject matter, and expressed in almost identical terms, one of which actions, namely, J. L. Andrieux v. East Baton Rouge Parish School Board et al., 254 La. 819, 227 So.2d 370, the Supreme Court of Louisiana rendered final judgment in on October 23, 1969, and said opinion and decree should be made the judgment of this Court in the present matter. Copies of the pleadings and opinions of the District Court and the Supreme Court were attached to defendants’ answer to the appeal herein.
The appellant states in her brief that the issue before the Court in this matter is “can a state by either constitutional or legislative action make provisions which are contrary to the provisions of the United States Constitution so as to bar a citizen of the United States from the protection which it has been held by the courts to be provided by the United States Constitution.”
The Articles of the Constitution and the Revised Statutes complained of, and which set out the prescriptive period of sixty days, are as follows, to-wit:
Subsection (n) of Section 14 of Article 14 of the Louisiana Constitution provides as follows:
“For a period of sixty (60) days from the date of promulgation of the result of any election held under the provisions of this section, any person in interest shall have the right to contest the legality of such election, the bond issue provided for, or the tax authorized, for any cause; after which time no one shall have any cause or right of action to contest the regularity, formality, or legality of said election, tax provision, or bond authorization, for any cause whatsoever. If the validity of any election, special tax or bond issue authorized or provided for, held under the provisions of this section, is not raised within the sixty (60) days herein prescribed, the authority to issue the bonds, the legality thereof *575 and of the taxes necessary to pay the same shall he conclusively presumed, and no court shall have authority to inquire into such matters. * * *”
and LSA-R.S. 39:518 provides as follows:
“For a period of sixty days from the date of promulgation of the result of any election held under the provisions of this Part, any person in interest may contest the legality of the bond issue provided for, the tax authorized or the assumption of debt provided for any cause, after which time, no one may contest the legality, formality or regularity of the election or debt assumption for any cause whatsoever. If the validity of any election is not raised within the sixty days herein prescribed, the authority to issue the bonds, and to levy the tax, or assume the debt and the regularity thereof, shall be conclusively presumed, and •no court shall have authority to inquire into such matters. * * *”
These are the two laws which appellant complains are violative of the Federal Constitution. The petition alleges that the election in question was restricted to “resident property taxpayers of the Parish of East Baton Rouge,” and that plaintiff and others of her class were deprived of the elective franchise solely because of their failure to own any real or personal property subject toj taxation. Specifically the claim is made that the provisions of the Constitution and statutes of the State of Louisiana restricting such elections to “resident property taxpayers” discriminates against plaintiff and others similarly situated, depriving them of their rights, privileges and immunities under the equal protection and due process clauses of the 14th Amendment to the Constitution of the United States, and are, therefore, unconstitutional and void.
It is further shown that the election involved the authorization, issuance and sale of forty nine million dollars of property bonds with the right and authority to levy essential ad valorem taxes for the payment of these bonds in principal and interest, and further involved a specific proposal to impose a five mill property tax for a period of five years for school improvements and for the operation and maintenance of the schools, as is provided under Article 10, Section 10, of the State Constitution.
There is no question but what this suit was filed more than sixty days after the election returns were promulgated on February 27, 1969, and after the final notice was published on March 3, 1969, in the Morning Advocate, the official journal of the School Board.
It is also of interest to note that the plaintiff in this case was carried on the assessment rolls as the owner of personal property with an assessment value of $450.00 and was eligible to participate in said election. She had no real estate assessed to her. For reasons of her own she did not choose to vote in said election.
The trial Judge in his supplemental reasons for judgment found as follows, to-wit:
“Counsel for defendant cited the case of Joseph Q. Cipriano v. City of Houma, et al, [395 U.S. 701] 89 Sup.Ct. 1897 [23 L.Ed.2d 647] (1969). This case involved a special election to obtain voter approval for the issuance of utility revenue bonds, which bonds were to be paid only from operation of the utilities, not by property tax revenue. The Louisiana statute involved gave only ‘property taxpayers’ a right to vote. The United States Supreme Court failed to find justification for the classification and held that the effect, therefore, was to deny equal protection of the law and was, therefore, unconstitutional.
“In the case at bar, the bonds and special pay-as-you-go taxes are payable from ad valorem taxes. The franchise here is limited to those qualified voters who are ‘specially interested’ in the election which can result in imposition of a tax specially calculated to be paid by such voting classification. The rational *576 basis for the qualification here is that imposition of the tax must be authorized by a vote of payers of the tax.
“In determining whether the exclusion here is necessary to promote a compelling state interest, this court must take note of the provisions of Louisiana law pertaining to the subject of ad valorem taxation, wherein it is provided that all properties situated within the state shall be subject to taxation. The definition includes both movable and immovable property, real and personal. Under L. R.S. 47:1956, each taxpayer is required to fill out a list of his property and make oath to its correctness and return such list to the Parish Assessor on or before the first day of April of each year. L.R.S. 47:1957 provides that if any person fails or refuses to submit a list of his property and make oath as to its correctness, the Assessor shall, himself, make out a list from the best information he can obtain. It would be difficult for this Court to accept the theory that citizens who have failed to disclose taxable property and thereby failed to pay their share of the tax burden are, nonetheless, entitled to complain about their lack of qualification to vote.
“In the Cipriano case, the Court said, ‘Assuming arguendo that a state might, in some circumstances, constitutionally limit the franchise to qualified voters who are also specially interested in the election, whether the statute allegedly so limiting the franchise denies equal protection of the law to those otherwise qualified voters who are excluded depends upon whether all those excluded are, in fact, substantially less interested or affected than those the statute includes.’
“It would appear from the instant case that the great majority of persons not qualified as taxpayers on February 25, 1969, were, in fact, owners of at least those personal or immovable properties constituting household items of assessable and taxable property, but who failed for some reason to insist upon the inclusion of the proper assessed valuation therefor on the assessment rolls of 1968, thereby avoiding the payment of any tax thereon and disqualifying themselves from voting in the class of citizens required to pay the tax.
“This Court, however, is not qualified to investigate or review the merits of the plaintiff’s claim for the reason that the Court is of the opinion that the prescriptive and peremptive period established by Article 14, Section 14(N), unmistakably and consistent with a long line of cases, prevents this Court from entertaining jurisdiction on the subject matter. The Supreme Court of the United States has long recognized the validity of prescriptive or peremptory periods wherein ample opportunity to be heard in the Courts is afforded interested citizens and after exercised, the right is forever lost. Litigation arising in and under state law in state courts has fairly and amply afforded interested citizens full opportunity to test the legality of the February 25, 1969, election. See Cipriano v. City of Houma, supra, wherein the United States Supreme Court stated, ‘We will apply it only where under state law the time for challenging the election result has not expired or in cases brought within the time specified by state law for challenging the election and which are not yet final.’ ”
With this ruling we are in accord.
Since this case was filed, a companion case, J. L. Andrieux v. East Baton Rouge Parish School Board et al., 254 La. 819, 227 So.2d 370, came up for decision in the Supreme Court of Louisiana, and on October 23, 1969, that Court rendered a decision sustaining the plea of prescription of 60 days as provided in the Constitution and Revised Statutes of Louisiana. We believe that case effectively disposes of the issues involved in the instant case.
The Supreme Court of Louisiana, in the Andrieux case, supra, held as follows, to-wit:
“On January 9, 1969, the East Baton Rouge Parish School Board by resolu *577 tion called a special bond and tax election as authorized by Article 14, Section 14, of the Constitution and R.S. 39:501 et seq., directing that all qualified electors who were property owners of the district be permitted to vote in the election on February 25, 1969. A promulgation of results showed that the voters authorized the school board to issue and sell $49,000,000.00 worth of property bonds and to levy ad valorem taxes within the district for the retirement of the bonds.
“Plaintiff as a member of a class of electors, those residing in the district but owning no property there, filed this suit challenging the constitutionality of the restriction of the franchise to the resident property taxpayers in the bond and tax election. Section 14 (n) of Article 14 of the Constitution and R.S. 39:518. authorize suits to contest the legality of bond and tax elections or the bonds issued or the tax provided by the elections, but also establish a peremptive period of 60 days from promulgation of the results of such an election, after which no such suit may be instituted.
“It is stipulated that the results of the election were promulgated on February 27, 1969, and we note that this suit was not filed until September 26, 1969, long after the 60-day period had expired. We have strictly adhered to the view that the constitutional and statutory per-emptive period operates as a complete extinguishment of the right to attack bond and tax elections. Roberts v. Evangeline Parish School Board, 155 La. 331, 99 So. 280 (1923); Roy v. City of Lafayette, 168 La. 1081, 123 So. 720 (1929) Miller v. Town of Bernice, 186 La. 742, 173 So. 192 (1937); Carnahan v. Police Jury of Calcasieu Parish, 199 La. 262, 5 So.2d 766 (1942); Gough v. LaSalle Parish School Board, 210 La. 554, 27 So. 2d 330 (1946); Sansing v. Rapides Parish School Board, 211 La. 936, 31 So.2d 169 (1947); Browning v. Webster Parish School Board, 212 La. 139, 31 So.2d 621 (1947); Woulfe v. Morrison, 212 La. 1032, 34 So.2d 251 (1948); Dresser v. Recreation and Park Com(m.), 213 La. 85, 34 So.2d 384 (1948); Harrel v. Winn Parish School Board, 214 La. 1095, 39 So. 2d 743 (1949); Shadow v. Rapides Parish School Board, 220 La. 302, 56 So.2d 555 (1952); Redmon v. Sub-Sewerage District No. 1, 226 La. 245, 75 So.2d 854 (1954); McLavy v. American Legion Housing Corporation, 227 La. 300, 79 So.2d 316 (1955).
“It is the plaintiff’s position that per-emption should have no application in this suit where relief is sought for alleged deprivation of constitutional rights. This contention, however, is without merit. We said in Redmon v. Sub-Sewerage District No. 1, supra, * * that it [Article 14, Section 14(n)] is meant to apply to all cases including those in which the election is attacked on the basis of the illegality or constitutionality [unconstitutionality] of the statutes or ordinances under which it had been called and held.’
“In support of his plea of unconstitutionality of the limited franchise the plaintiff relies on two recent United States Supreme Court cases, Kramer v. Union Free School District, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (June 16, 1969), and Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L. Ed.2d 647 (June 16, 1969). In these decisions, which were given only prospective effect and were decided after the lapse of the peremptive period for challenging this election, the court recognized that state prescriptive or peremp-tive provisions were valid as a bar to such attacks, for it said in Cipriano v. City of Houma, 395 U.S. at p. 706: ‘That is, we will apply it [the decision] only where, under state law, the time for challenging the election result has not expired * * *.’ (Emphasis supplied.)
“The trial Court correctly sustained the exception, and its judgment is af *578 firmed with all' costs taxed against the plaintiff-appellant.”
Since the Andrieux case, supra, is a companion case and on all fours with the instant case, seeking to set aside the same tax election, for the reasons set forth in plaintiff's petition filed herein, and since the matter has been effectively disposed of by the Supreme Court of the State of Louisiana, we hold that the decision of the lower Court is correct, the plea of prescription and peremption of 60 days is absolute, and plaintiff’s suit was properly dismissed at her costs.
For these reasons the judgment of the lower Court is hereby affirmed, all costs, including the cost of this appeal, to be borne by plaintiff-appellant.
Affirmed.