LOLLEY, J.
| plaintiff, the Town of Sterlington (“Sterlington”), appeals a judgment of the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, granting a peremptory exception of prescription in favor of the defendant, the Ouachita Parish Police Jury (“OPPJ”), resulting in the dismissal of Sterlington’s lawsuit. For the reasons that follow, we affirm the trial court’s judgment sustaining the defendant’s exception of prescription.
*945 Facts
By Act 244 of the 1977 Regular Session, the Louisiana Legislature adopted La. R.S. 33:2738.49, authorizing the OPPJ to levy and collect a sales and use tax not to exceed one and one-half percent within that portion of Ouachita Parish outside the corporate limits of the municipalities of Monroe and West Monroe. That portion outside the cities of Monroe and West Monroe consists of the unincorporated area of Ouachita Parish and includes the Towns of Richwood and Sterlington.
Louisiana R.S. 33:2738, which has since been redesignated La. R.S. 47:338.157, provides, in part:
A. The Ouachita Parish Police Jury is hereby authorized to levy and collect a sales and use tax not exceeding one and one-half percent within the territory within the boundaries of the parish of Ouachita, and outside of the corporate limits of the cities of Monroe and West Monroe as said corporate limits may exist at the time the tax is collected.
B. The sales tax so levied shall be imposed by an ordinance of the police jury of Ouachita Parish and shall be levied upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services, all as defined in R.S. 47:301 through 317, within the territory within the boundaries of the parish and outside the corporate limits of the cities of Monroe and West |2Monroe as said corporate limits may exist at the time the tax is collected; provided, however, that the ordinance imposing said tax shall be adopted by the governing body only after the question of the imposition of such tax shall have been submitted to the qualified electors of Ouachita Parish within the territorial area located outside the then existing corporate limits of the cities of Monroe and West Monroe at an election to be conducted in accordance with Part II, Chapter 4, Title 39 of the Louisiana Revised Statutes of 1950 and the majority of those voting in said election shall have voted in favor of the imposition of said tax.
Following the enactment of this statute, the OPPJ called a special election on October 15, 1977. In that election, the eligible voters approved a one-cent sales tax. Since 1977, the tax has been levied and collected without interruption within the above described portion of Ouachita Parish, and the proceeds of the tax have provided approximately 80% of the funding used by the OPPJ to improve, resurface, renovate, operate, and maintain parish roads.
Nonetheless, on April 22, 2013, apparently after a dispute over a road maintenance agreement, Sterlington filed a petition for declaratory judgment seeking to have La. R.S. 47:338.157 declared unconstitutional. In particular, Sterlington alleged that the geographical boundaries authorized by La. R.S. 47:338.157 violate the equal protection and due process provision of the Louisiana Constitution, rendering the statute itself unconstitutional and therefore, the resulting tax, an absolute nullity. The OPPJ responded by filing a peremptory exception of prescription relying on Art. 6, § 35(A)[1] of the Louisiana Constitution, which provides, in part:
*946 |aFor sixty days after promulgation of the result of an election held to incur or assume debt, issue bonds, or levy a tax, any person in interest may contest the legality of the election, the bond issue provided for, or the tax authorized, for any cause. After that time no one shall have any cause or right of action to contest the regularity, formality, or legality of the election, tax provisions, or bond authorization, for any cause whatsoever. If the validity of any election, tax, debt assumption, or bond issue authorized or provided for is not raised within the sixty days, the authority to incur or assume debt, levy the tax, or issue the bonds, the legality thereof, and the taxes and other revenues necessary to pay the same shall be conclusively presumed to be valid, and no court shall ' have authority to inquire into such matters. (Emphasis added.)
A hearing was held on the matter, wherein the trial court found that Sterling-ton’s claim had prescribed pursuant to La. Const. Art. 6, § 35(A). In reaching its decision, the trial court explained that the “rather strong” language set forth in Art. 6, § 35(A) clearly extinguishes the rights of litigants to contest tax elections if not legally raised within 60 days of the election. The trial court also relied on the Louisiana Supreme Court’s interpretation of Art. 6, § 35(A) that “The intent of the framers of the Constitution to prohibit any challenge not raised within the constitutional time limitations is clear and unambiguous.” See Naquin v. Lafayette City-Parish Consol Gov’t, 2006-2227 (La.02/22/07), 950 So.2d 657, 669. This appeal by Sterlington ensued.
Discussion
On appeal, Sterlington argues that the trial court erred in concluding that the limitations period set forth in La. Const. Art. 6, § 35(A) applies to actions challenging the constitutionality of legislation authorizing a tax election. Stated differently, Sterlington contends that because its lawsuit does not contest the actual tax or the validity of the election, Art. 6, § 35(A) |4is simply inapplicable. For example, in order for Art. 6, § 35(A) to apply, Sterling-ton believes that its claim must challenge the vote count, the eligibility of voters, or fraudulent voter conduct associated with the election. Sterlington also raises an additional argument that Art. 6, § 35(A) does not apply to its lawsuit because as an unconstitutional legislative enactment, La. R.S. 47:338.157 is an absolute nullity, thus wholly void and insusceptible to a plea of prescription. We disagree.
When reviewing a peremptory exception of prescription, the standard of review normally requires the appellate court to determine whether the trial court’s finding of fact was manifestly erroneous or clearly wrong. Carter v. Hay-good, 2004-0646 (La.01/19/05), 892 So.2d 1261. However, in this case the parties do not dispute any of the facts pertaining to the issue of prescription. Thus, whether Art. 6, § 35(A) applies to the matter before us presents a question of law, which this Court reviews de novo. See City of New Orleans v. Bd. of Comm’rs of Orleans Levee Dist., 1993-0690 (La.07/05/94), 640 So.2d 237.
As discussed above, La. Const. Art. 6, § 35(A) and its statutory counterpart, La. R.S. 18:1294, both provide a 60-day period barring any claim contesting an election held to incur or assume debt, issue bonds, or levy a tax. La. Const. Art. 6, § 35(A). Following that 60-day period, no one shall have any cause or any right of action to contest the regularity, formality, or legality of the election, tax provisions, or bond authorization, for any cause whatsoever. Id. The statute further provides that if a proper challenge is not raised within this *947 time frame, the authority to levy the tax, |fithe legality thereof, and the taxes and other revenues necessary to pay the tax shall be conclusively presumed to be valid, and no court shall have authority to inquire into such matters. Id.
Fortunately, the Louisiana Supreme Court has had the opportunity to address the applicability of Art. 6, § 35(A) as well as an identical constitutional peremptive provision set forth in bur State’s prior Constitution.[2] In Naquin, supra, at 669, the Court expressed that this 60-day time period is not simply prescriptive, but per-emptive, and that “The intent of the framers of the Constitution to prohibit any challenge not raised within the constitutional time limitation is clear and unambiguous.” Further, and crucial to our decision, the Louisiana Supreme Court in Andrieux v. East Baton Rouge Parish School Bd., 254 La. 819, 227 So.2d 370, 371 (1969), explained that this peremptive period applies to “all cases including those in which the election is attacked on the basis of illegality or constitutionality of the statutes or ordinances under which it has been called or held.”
It should be noted that both parties, as well as the trial court, used the terms prescription and peremption interchangeably throughout the disposition of this matter. It was not until further along in the litigation process that the parties cited to the Louisiana Supreme Court’s interpretation of the constitutional provision and started to refer to Art. 6, § 35(A) as peremptive. In fact, the OPPJ filed a peremptory exception of prescription at the outset of this lawsuit in an attempt to defeat Sterlington’s | nclaim. However, as noted above, jurisprudence provides that Art. 6, § 35(A) is not simply prescriptive, but peremptive. Naquin, supra. It is well settled that peremption differs from prescription. Reeder v. North, 1997-0239 (La.10/21/97), 701 So.2d 1291. As stated in Reeder, supra at 1298:
Although prescription prevents the enforcement of a right by legal action, it does not terminate the natural obligation; peremption, however, extinguishes dr destroys the right. Public policy requires that rights to which per-emptive periods attach are to be extinguished after passage of a specified period. Accordingly, nothing may interfere with the running of a peremptive period. It may not be interrupted or suspended; nor is there provision for its renunciation. And exceptions such as contra non valentem, are not applicable.
Therefore, in accordance with the jurisprudence noted above, and following the strict language set forth in La. Const. Art. 6, § 35(A), which specifically provides that Louisiana courts have no authority to inquire into matters related to tax elections unless a challenge is properly raised within the 60-day constitutional peremptive period, we conclude that the trial court’s decision to bar Sterlington’s claim was correct as a matter of law.
Conclusion
So considering, the trial court’s judgment sustaining the Ouachita Parish Police Jury’s peremptory exception of prescription is affirmed. Costs of this appeal are assessed to the Town of Sterlington in accordance with the provisions of La. R.S. 13:5112 in the amount of $887.85.
AFFIRMED.

. La. Const. Art. 6, § 35(A) has been adopted into statutory law, and is set forth in its entirety in La. R.S. 18:1294.

. La. Const. (1921) Art. 14, § 14(n).