NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0168

LOUISE B. (BEATRICE) MONJU, A/K/A BEATRICE BAGGETT MONJU

VERSUS

THERESA BAGGETT FAUSTERMANN AND WILLIAM J. FAUSTERMANN, JR.

Judgment rendered: OCT 0 1 2019

\* \* \* \* \*

On Appeal from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
No. 2018-10612, Div. "E"

The Honorable William H. Burris, Judge Presiding

\* \* \* \* \*

| | |
|---|---|
| Eric Oliver Person<br>New Orleans, Louisiana | Attorney for Plaintiff/Appellant<br>Louise B. (Beatrice) Monju, A/K/A<br>Beatrice Baggett Monju |
| William J. Faustermann, Jr.<br>Slidell, Louisiana | Attorney for Defendants/Appellees<br>Theresa Baggett Faustermann and<br>William J. Faustermann, Jr. |

\* \* \* \* \*

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**HOLDRIDGE, J.**

Plaintiff, Louise B. (Beatrice) Monju, A/K/A Beatrice Baggett Monju, appeals the trial court's judgment maintaining the peremptory exception raising the objection of prescription filed by defendants, Theresa Baggett Faustermann and William J. Faustermann, Jr., and dismissing plaintiff's claim with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 6, 2018, plaintiff filed a petition to enforce an installment note against defendants, alleging that on March 9, 2007, she loaned $100,000.00 to defendants. In her petition, plaintiff alleged that the installment note provided that defendants had to pay plaintiff $500.00 per month, beginning on April 10, 2007 until the loan was repaid in full, with interest of 5% per year, beginning on March 9, 2007, and 25% attorney fees should suit be filed to obtain payment. Plaintiff also alleged in her petition that the installment note stated that the entire debt was to mature should one installment not be timely paid. The petition further alleged that plaintiff had no record of receipt of any installment payment made by defendants. Therefore, plaintiff prayed for a judgment awarding her the sum of $100,000.00, as well as 5% interest calculated from March 9, 2007 to the present, and 25% attorney fees. Plaintiff attached the installment note to her petition.[1] The installment note contained the following language, in pertinent part:

> Failure to pay any one of the installments of this note when due, or interest, when due, shall mature the said note in its entirety and all installments thereof.
>
> The maker(s), endorser(s), guarantor(s), and/or surety(ies) of this note hereby severally waives presentment for payment, demand, notice of non-payment, and protest and consents that time of payment may be extended without notice thereof. In the event of non-payment at

---

[1] Any documents annexed to the petition must be accepted as true. Expert Riser Solutions, LLC v. Techcrane International, LLC, 2018-0612 (La. App. 1 Cir. 12/28/18), 270 So.3d 655, 663; see also La. C.C.P. art. 853 ("A copy of any written instrument that is an exhibit to a pleading is a part thereof.")

maturity, or if suit for collection is instituted hereon, the maker(s) and endorser(s) agree to pay Twenty-Five (25%) percent additional for attorney fees.

In response, defendants filed an answer generally denying the allegations of plaintiff's petition, and a peremptory exception raising the objection of prescription, arguing that plaintiff's claim was prescribed. Defendants filed a memorandum in support of their exception, arguing that they made payments on the installment note from April of 2007 until December of 2010. Defendants alleged that "[i]n December [of] 2010, [plaintiff] forgave the loan[.]" Defendants further alleged that the installment note matured on its face in January of 2011; therefore, plaintiff's claim should be dismissed.

Thereafter, plaintiff filed a memorandum, opposing defendants' peremptory exception raising the objection of prescription. Plaintiff stated in her memorandum that "[w]hile the Installment Note ... admittedly contain[ed] language that failure to pay any one of the installments on this note when due, or interest, when due, shall mature the said note in its entirety and all installments thereof [sic], the quoted language was for the protection of the lender[.]" Plaintiff argued that no installments had prescribed because of the installment note language stating that the extended time for payment was at the discretion of plaintiff, and plaintiff "chose not to call the loan." Plaintiff alternatively argued that each installment prescribed five years after each individual installment due date in accordance with La. C.C. art. 3498.[2] Therefore, plaintiff stated that the trial court should award her the number of payments in the installment note that remained due, impose the interest in the calculation, and add 25% attorney fees.

The trial court held a hearing on August 16, 2018 on defendants' peremptory exception raising the objection of prescription. At the hearing, the trial court made

---

[2] Louisiana Civil Code article 3498 provides that "[a]ctions on instruments, whether negotiable or not, and on promissory notes, whether negotiable or not, are subject to a liberative prescription of five years. This prescription commences to run from the day payment is exigible."

an oral ruling, finding that plaintiff's claim was prescribed; however, no evidence was formally introduced and no testimony was presented to the trial court.[3] The hearing consisted entirely of argument by plaintiff and defendants' counsel who relied on the installment note attached to plaintiff's petition. In his oral ruling, the trial court stated, "I think the acceleration clause in this case was mandatory. ... I think that [the] acceleration clause was enforced at that time, whether the holder of that note intended for it to or not." The trial court signed a judgment on September 4, 2018, in accordance with its oral ruling, maintaining defendants' exception and dismissing plaintiff's claim with prejudice. From this judgment, plaintiff devolutively appealed.

## APPLICABLE LAW

In reviewing a peremptory exception of prescription, the standard of review requires an appellate court to determine whether the trial court's finding of fact was manifestly erroneous. Allen v. Allen, 2016-0407 (La. App. 1 Cir. 12/22/16), 210 So.3d 477, 481; Town of Sterlington v. Ouachita Parish Police Jury, 49,406 (La. App. 2 Cir. 10/1/14), 150 So.3d 944, 946, writ denied, 2014-2282 (La. 1/16/15), 157 So.3d 1131. Although the factfinder is afforded deference, appellate courts have a duty to review the facts. Estate of Goss v. Estate of Goss, 2015-960 (La. App. 3 Cir. 3/9/16), 187 So.3d 570, 573, writ denied, 2016-0660 (La. 5/27/16), 192 So.3d 743. On the trial of a peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. When evidence is introduced at a hearing on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard. Calloway v. Lobrano, 2016-1170 (La. App. 1 Cir. 4/12/17), 218 So.3d

---

[3] We note that plaintiff's attorney filed into evidence an exhibit at the hearing; however, it was unrelated to defendants' peremptory exception raising the objection of prescription.

4

644, 650. However, in the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, and all allegations thereof are accepted as true. La. C.C.P. art. 931; Leisure Recreation & Entertainment Inc. v. First Guaranty Bank, 2016-0978 (La. App. 1 Cir. 8/17/17), 2017 WL 3573998 at *8 (unpublished), writ denied, 2017-1567 (La. 11/17/17), 229 So.3d 932.

Generally, the mover bears the burden of proof at the trial of the peremptory exception raising the objection of prescription. Guidry v. USAgencies Casualty Insurance Company Inc., 2016-0562 (La. App. 1 Cir. 2/16/17), 213 So.3d 406, 421, writ denied, 2017-0601 (La. 5/26/17), 221 So.3d 81. However, if the petition is prescribed on its face, the burden shifts to the plaintiff to show that the action has not prescribed. Quinn v. Louisiana Citizens Property Ins. Corp., 2012-0152 (La. 11/2/12), 118 So.3d 1011, 1017; Hotard's Plumbing, Elec. Heating & Air, Inc. v. Monarch Homes, LLC, 2015-180 (La. App. 5 Cir. 3/16/16), 188 So.3d 391, 393. When a cause of action is prescribed on its face, the burden is upon the plaintiff to show that the running of prescription was suspended or interrupted in some manner. Shannon v. Vannoy, 2017-1722 (La. App. 1 Cir. 6/1/18), 251 So.3d 442, 448; Woods v. Cousins, 2012-100 (La. App. 5 Cir. 10/16/12), 102 So.3d 977, 979, writ denied, 2012-2452 (La. 1/11/13), 107 So.3d 617.

**DISCUSSION**

Louisiana Civil Code article 3498 provides, "[a]ctions on instruments, whether negotiable or not, and on promissory notes, whether negotiable or not, are subject to a liberative prescription of five years. This prescription commences to run from the day payment is exigible."[4] JP Morgan Chase Bank, N.A. v. Boohaker, 2014-0594 (La. App. 1 Cir. 11/20/14), 168 So.3d 421, 428; see also

---

[4] Similarly, La. R.S. 10:3-118(a) provides, in pertinent part, that an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within five years after the due date or dates stated in the note or, if a due date is accelerated, within five years after the accelerated due date.

5

Harrison v. Smith, 2001-0458 (La. App. 1 Cir. 3/28/02), 814 So.2d 42, 45. When a promissory note is payable in installments, as opposed to on demand, the five-year prescriptive period commences separately for each installment on its due date. JP Morgan Chase Bank, N.A, 168 So.3d at 428. However, if the installments are accelerated based upon a default, prescription for the entire accelerated amount commences on the day of acceleration. Id; see also Wells Fargo Financial Louisiana, Inc. v. Galloway, 2017-0413 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 801.

Plaintiff's petition on the installment note alleged that defendants "were bound to pay [$500.00] per month, beginning April 10, 2007 until the loan was repaid in full, with interest of Five (5%) percent per annum beginning March 9, 2007." The petition alleged that "[p]laintiff ha[d] no record of receipt of any or all of the installment payments being paid." The petition further alleged that the "installment note call[ed] for the entire debt to mature should one installment not be timely paid."

Neither party introduced evidence at the hearing related to defendants' peremptory exception raising the objection of prescription. Therefore, the trial court only considered the allegations in plaintiff's petition, and the installment note attached, which were accepted as true. See La. C.C.P. art. 853; La. C.C.P. art. 931; Harris v. Breaud, 2017-0421 (La. App. 1 Cir. 2/27/18), 243 So.3d 572, 578. If no evidence is introduced to support or controvert the exception, the manifest error standard of review does not apply, and the appellate court's role is to determine whether the trial court's ruling was legally correct. Atain Speciality Ins. Co. v. Premier Performance Marine, LLC, 2015-1128 (La. App. 1 Cir. 4/8/16), 193 So.3d 187, 190. Thus, we are confined to review the properly pleaded material allegations of fact asserted in plaintiff's petition and installment note.

A review of plaintiff's petition and installment note reveals that the note was made payable in monthly installments, and plaintiff had no record of any installment payments being made by defendants. The installment note did not give plaintiff the option to accelerate the indebtedness in the event that defendants defaulted. Instead the installment note uniquely provided for a mandatory acceleration in the event that defendants failed to pay one installment. Thus, the acceleration provision is absolute and not optional. Haik v. Rowley, 377 So.2d 391, 393 (La. App. 4 Cir. 1979), writ denied, 378 So.2d 1383 (La. 1980). Consequently, the date for maturity of the installment note and the date of default prompting the acceleration are the same.

Prescription began to run on the installment note on April 10, 2007, the date that defendants first defaulted. However, plaintiff did not file her petition for damages until February 6, 2018, more than five years after default. Therefore, plaintiff's claim is prescribed. See Curry v. Winnfield, (La. App. 3 Cir. 1981), 398 So.2d 97, 99. Because plaintiff's petition was prescribed on its face, the burden shifted to plaintiff to show that her claim was not prescribed. Baker v. Louisiana Citizens Property Ins. Corp., 2012-480 (La. App. 5 Cir. 5/16/13), 119 So.3d 69, 73. Although plaintiff argues that the installment note language gives her the option to extend the due date on the installment note without notice to defendants, plaintiff failed to present any testimony or other evidence to support her claim at the hearing on the peremptory exception raising the objection of prescription.[5] Thus, plaintiff did not meet her burden of proving that her claim had not prescribed. For these reasons, we find that the trial court was legally correct in maintaining defendants' peremptory exception raising the objection of prescription.

---

[5] We note that in regards to any ambiguity in the wording of the boilerplate provisions of the promissory note, that ambiguity must be construed against plaintiff as the drafter of the boilerplate language of the promissory note. Hall Financial Services, Inc. v. Holloway, 34,563 (La. App. 2 Cir. 4/4/01), 785 So.2d 107, 110.

**CONCLUSION**

For the above reasons, we affirm the September 4, 2018 judgment, maintaining the peremptory exception raising the objection of prescription filed by defendants, Theresa Baggett Faustermann and William J. Faustermann, Jr., and dismissing the case with prejudice. Appeal costs are assessed against the plaintiff, Louise B. (Beatrice) Monju, A/K/A Beatrice Baggett Monju.

**AFFIRMED.**